**In re Miles GARNETT, Debtor.**

**Bankruptcy No. 884–41416–18.**

United States Bankruptcy Court, E.D. New York.

Feb. 28, 1985.

Stim & Warmuth, P.C., Huntington, N.Y., Attys., for debtor.

Shaw, Goldman, Licitra, Levine & Weinberg, P.C., Garden City, N.Y., for Shaw & Helfant.

Edward Zinker, Smithtown, N.Y., Trustee.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

On October 7, 1984 Miles Garnett (the "debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Reform Act (the "Code"). On October 24, 1984 Stuart F. Shaw and David Helfant (the "creditors") instituted a state court proceeding naming as defendants the debtor, his wife and a corporation of which the debtor is a principal.

On January 29, 1985 the debtor moved by order to show cause to enjoin the creditors' action as it affects both himself and the other defendants (the "third parties"). The debtor contends that § 362 of the Code stays state court proceedings against a debtor and any of his co-defendants.

## DISCUSSION

Pursuant to § 362 of the Code, the filing of a petition for bankruptcy relief operates as a stay of all actions against the debtor or the debtor's property. A party may seek relief from the stay, § 362(d). Such relief must be by motion, Bankruptcy Rules 4001 and 9014. The motion must set forth with particularity the grounds for the request, Rule 9013. Unless the party would be irreparably damaged by delay, the request may only be granted after notice and a hearing, § 362(d) and (f). The action of a party in violation of the stay without court approval is void and without effect. 2 Collier on Bankruptcy, ¶ 362.11 at 362–58 (15th ed. 1984).

In the case at bar, two weeks after the debtor filed for bankruptcy relief the creditor commenced a state court action against the debtor. No request for relief from the stay was ever made. The creditors' state court action against the debtor is therefore in clear violation of § 362 and is without effect.

However, the creditors' action against the third parties is not in violation of the automatic stay. As this court has previously held, nothing in the language of § 362, or its legislative history, suggests that its provisions reach anyone other than the debtor. *In re Anje Jewelry*, No. 883–30684, slip op., — B.R. — (Bankr.E.D. N.Y. July 11, 1983); *see also Pitts v. Unarco Industries, Inc.*, 698 F.2d 313, 314 (7th Cir.1983); *Lynch v. Johns Manville Sales Corp.*, 23 B.R. 750, 7 C.B.C.2d 342 (S.D. Ohio 1982), *aff'd.* 710 F.2d 1194 (6th Cir. 1983); *GAF v. Johns-Manville Corp. (In re Johns Manville Corp.)*, 26 B.R. 405, 409–413 (Bankr.S.D.N.Y.1983).

Several courts have stayed actions against third parties under § 105 of the Code. This section authorizes the court to grant any relief necessary to carrying out the provisions of the Code. A Section 105 stay of action against third parties is in essence a request for injunctive relief. *GAF v. Johns Manville Corp.*, 26 B.R. at 415. As such it must be made by commencing an adversary proceeding, Bankruptcy Rule 7001(7). Pending the outcome of the adversary proceeding a party may seek immediate relief by applying for a preliminary injunction. Bankruptcy Rule 7065. A preliminary injunction may only be granted upon showing of:

1. Irreparable harm to the debtor or the bankruptcy estate if the injunction does not issue;

2. A strong likelihood of success on the merits; and

3. No harm or minimal harm to the adverse party.

*See, e.g., GAF v. Johns-Manville* at 416, citing cases.

In the present case, the debtor's request to enjoin the creditors' action against the third parties is procedurally and substantively defective. He has failed to commence the required adversary proceeding, and more importantly, failed to offer any argument or evidence that either he or the bankruptcy estate will be irreparably harmed by the failure to enjoin the creditors' action against these parties.

Accordingly, the debtor's request that the creditors be enjoined from continuing their action against him is hereby granted, but his request for an injunction of their action against the third parties is denied.

SETTLE ORDER.