**In re Melvin Gerrod HUNDLEY, Debtor.**

**SHEARSON LEHMAN HUTTON MORTGAGE CORPORATION, Plaintiff,**

v.

**Melvin G. HUNDLEY, Defendant.**

Bankruptcy No. 89–01116–RT.

Adv. No. 89–0331–RT.

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Aug. 22, 1989.

Traci L. Barrett, Shapiro & Burson, Falls Church, Va., for plaintiff.

Melvin G. Hundley, Glen Allen, Va., pro se.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This matter came before the Court upon the motion of Shearson Lehman Hutton Mortgage Corporation ("Shearson"), the holder of a deed of trust against the debtor's residence, for an order lifting the stay imposed by 11 U.S.C. § 362 or in the alternative an order dismissing the case (the "Motion"). This Court conducted a preliminary hearing on the motion on May 24, 1989, and a final hearing on the motion on June 7, 1989, and June 14, 1989.[1] At the conclusion of the June 14 hearing this Court (1) granted Shearson relief from stay and (2) dismissed the case and enjoined Mr. Hundley from filing another petition under title 11 of the United States Code for a

---

**1.** At each hearing, Mr. Hundley informed the Court that he wished additional time to obtain an attorney. At the final hearing convened on June 7 Mr. Hundley asked for a continuance for the specific purpose of his obtaining an attorney. Although the creditor opposed the motion the Court continued the June 7 hearing to allow the debtor one final chance to obtain counsel. At the June 14 hearing, Mr. Hundley was still without an attorney.

period of one year due to the debtor's abuse of the bankruptcy system.

The following findings of fact and conclusions of law are made pursuant to Bankruptcy Rule 7052.

### Findings of Fact

Mr. Hundley (the "debtor") has been a debtor before this Court on numerous occasions, and a historical review of his previous bankruptcy case filings is an important first step in this opinion.

The debtor filed his first bankruptcy case (Case No. 83–01638–R) on November 3, 1983, a chapter 7 case that was dismissed on September 11, 1984. The debtor again filed a chapter 7 case (Case No. 84–01676–R) on November 23, 1984, which was dismissed on January 21, 1985. On March 4, 1985, the debtor filed his third bankruptcy case and first chapter 13 case (Case No. 85–00266–R); this case was dismissed on June 14, 1985. On August 22, 1986, the debtor filed a chapter 7 case (Case No. 86–01561–R). Unlike the debtor's previous bankruptcy cases, this case proceeded to a discharge on December 3, 1986. Thus, after having filed four petitions the debtor finally received a discharge of his debts.

His discharge, however, did not stop the debtor from filing additional bankruptcy petitions. On April 24, 1987, the debtor filed his fifth bankruptcy case, a petition filed under chapter 13. This case was dismissed on June 8, 1987. This fifth filing was unique in that it marked the debtor's first pro se filing. The debtor filed his sixth case, a chapter 13, on September 4, 1987. This case was dismissed on September 30, 1987, and the dismissal order enjoined the debtor from filing another petition under title 11 of the United States Code for a period of 180 days.

On November 16, 1988, the debtor filed pro se his seventh bankruptcy case, another chapter 13 petition. A creditor, American Home Funding, Inc., objected to confirmation of the chapter 13 plan. After a hearing on the objection to confirmation, Bankruptcy Judge Blackwell N. Shelley denied confirmation of the debtor's plan and dismissed the case. See Judge Shelley's memorandum opinion, *In re Hundley*, 99 B.R. 306 (Bankr.E.D.Va.1989). Additionally, prior to the dismissal, Judge Shelley entered an order granting Shearson, the movant in the current case, relief from stay by default as to its deed of trust against the debtor's residence.

After the seventh case had been dismissed, Shearson began foreclosure proceedings against the debtor's residence located at 4606 Fairlake Lane, Glen Allen, Virginia (the "property"); however, on May 12, 1989, prior to Shearson's foreclosure sale the debtor filed another pro se petition under chapter 13. On May 17, 1989, after learning about debtor's most recent filing Shearson filed its present Motion. Shearson's Motion requests a lifting of the stay on the basis of lack of equity and on the basis of cause in that the multiple filings were an abuse of the bankruptcy system. Shearson amended its motion after the preliminary hearing to include a request that the order granting relief from stay be entered nunc pro tunc.

At the final hearing, Shearson presented the appraisal testimony of L. Stuart Johnson to establish the value of the debtor's property. Mr. Johnson placed a value of $77,983.00 on the property; based upon his thorough appraisal and the absence of any contradictory evidence, this Court accepts Mr. Johnson's valuation. The Court will reduce the appraised value by 6 percent to take into consideration the payment of a real estate sales commission ($77,983.00 × .06 = $4,678.98); accordingly, the Court finds that the property has a value of $73,304.02 ($77,983.00 − $4,678.98 = $73,304.02).

The debtor acknowledged that his debt to Shearson was between $62,000.00 and $63,000.00, and that in addition he owed approximately $9,500.00 in payment arrearages. (Shearson claims arrearages of approximately $11,000.00.) Accordingly, based upon the debtor's admission the Court calculates the debtor owes the following indebtedness to Shearson under the deed of trust:

$62,500.00 —Loan Balance
+ 9,500.00 —Arrearages
$72,000.00 —Total debt due

If the amount of the debt is subtracted from the value of the house a difference remains of $1,304.02 ($73,304.02 − $72,000.00 = $1,304.02). This small amount of equity could not be considered sufficient to protect a creditor in a foreclosure setting; accordingly, the Court finds the debtor has no equity in the property.

Also at the hearing, Shearson called the debtor's brother, Mr. John Hundley, III, as a witness. The debtor's petition listed an indebtedness owed to his brother in the amount of $2,000.00. However, John Hundley testified that the actual amount of the debt was approximately $7,500.00. The debtor agreed that he had incorrectly listed this debt. He stated that he had planned to pay this debt "directly" to his brother from certain back wages owed to him.

### Conclusions of Law

Shearson's request for relief from stay is unlike a routine creditor's request to relief from stay. Here, Shearson had obtained an order granting relief from stay during the pendency of the debtor's seventh case; however, before the creditor could complete the foreclosure process, the debtor's case was dismissed and the debtor filed another petition.[2] The Court must therefore consider the problem of abuse of the bankruptcy system through the debtor's multiple filings of petitions. Additionally, the creditor's motion brings into issue the effect of a relief from stay order in a bankruptcy case upon a subsequent bankruptcy petition of the same debtor.

The lifting of the stay is governed by 11 U.S.C. § 362, a section that details the grounds under which the court may accord a creditor relief from the stay. The section provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from stay provided under [11 U.S.C. § 362(a) ], such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an action against property under [11 U.S.C. § 362(a) ] if—

(A) the debtor does not have equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d) (1982 & Supp. IV 1987).

██ Here, Shearson seeks a lifting of the stay under 11 U.S.C. § 362(d)(1), for cause, because of the debtor's multiple filings. This Court agrees that cause exists to lift the automatic stay.

A review of this debtor's various prior case filings demonstrates his history of abuse of the bankruptcy system. This history is replete with cases that were dismissed because the debtor failed to complete the filing requirements. His last previous case had been dismissed by the Court because the debtor had abused the bankruptcy system and because the debtor did not have any debts to discharge in a chapter 13 case.

The debtor's current case, which continues this scenario, was filed as a minimal chapter 13 petition. At the time of the hearing on June 14, 1989, the debtor had failed to timely file and distribute his chapter 13 plan within fifteen days after filing the petition as required by Local Rule 313.

In addition, Shearson has a valid order granting relief from stay that was entered prior to the dismissal of the seventh case. Although this order may not be res judicata in this current case, the Court finds that the order helps to establish cause for the lifting of the stay. See In re Inesta Quinones, 73 B.R. 333, 338 (Bankr.D.P.R.

2. On March 24, 1989, Judge Shelley entered a default order lifting the stay as to Shearson in Case No. 88–02531–RS, the debtor's seventh case. An order dismissing No. 88–02531–RS was entered later on March 24, 1989. On May 12, 1989, less than two months after this dismissal, the debtor filed his current case, No. 89–01116–RT.

1987).[3]

These factors demonstrate that the debtor has no intention of seeking to reorganize under chapter 13 and that this most recent bankruptcy filing was for the sole purpose of invoking the automatic stay to further delay his creditors. Accordingly, this Court finds that under § 362(d)(1) cause exists to lift the automatic stay.

Shearson also seeks a lifting of the stay under 11 U.S.C. § 362(d)(2) because the debtor lacks equity in the property and because the property is not necessary for an effective reorganization. Although Shearson has established that the debtor does not have equity in the property, § 362(d)(2) appears to also require the Court to find the property is not necessary for an effective reorganization before relief can be granted under that subsection. *Compare, In re Pittman*, 8 B.R. 299 (D.Colo.1981) with *Latimer & Buck Mortgage Co. (In re Conway)*, 5 B.R. 251 (Bankr.E.D.Pa.1980). The applicability of this portion of § 362(d)(2) to chapter 13 cases is unsettled, and since this Court has granted Shearson's relief under § 362(d)(1), it is unnecessary for this Court to resolve the issue under § 362(d)(2).

■ Lastly, Shearson's request for a bar to future filings by the debtor must be given serious consideration. An examination of the debtor's filing history illustrates the need to give the creditor additional relief beyond lifting the automatic stay, and this Court has the authority to grant Shearson further relief. *See Cashman Investment Corp. v. Robinson (In re Bradley)*, 38 B.R. 425 (Bankr.C.D.Cal.1984); and *In re Dyke*, 58 B.R. 714 (Bankr.N.D.Ill. 1986).

Accordingly, under the authority of 11 U.S.C. §§ 105, 349, and 1307 this chapter 13 case will be dismissed and the debtor enjoined from filing another petition under title 11 of the United States Code for a period of one year from the entry of this order. The Court declines to grant the movant's request to dismiss the case nunc pro tunc.

The Clerk shall place a copy of this opinion in both the case file and Adversary Proceeding File No. 89-0331-RT, and shall also send copies of this order to the debtor, the counsel for Shearson Lehman Hutton Mortgage Corporation, the chapter 13 trustee, and to the Office of the United States Trustee.

A separate order will be entered.

---

**3.** It is important to note that cause is a fluid concept. If a debtor could establish that changed circumstances had occurred between the dismissal of one case and the refiling of another, then it is likely that the entry of a relief from stay in a prior case would not be cause for the lifting of the stay in the subsequent case.