**In re Tamela L. SMITH, Debtor.**

**Bankruptcy No. 91–43972–W–13.**

United States Bankruptcy Court, W.D. Missouri.

June 26, 1992.

Steven R. Rebein, McDowell, Rice & Smith, Kansas City, Kan., for debtor.

Leila Cohoon, Independence College of Cosmetology, Independence, Mo.

Rick Fink, Chapter 13 Trustee.

### MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

This case comes before the Court on Debtor's Motion for Order Directing Independence College of Cosmetology to Release Debtor's Credit Hours. Debtor seeks to sit for the license exam given by the Missouri Board of Cosmetology but she is unable to do so because the school will not submit a certification to the Board in accordance with the Missouri law that requires the school to certify that all contractual fees owed by the student to the school have been paid in full. *See* Mo.Rev.Stat.

§ 329.040 subd. 15 (Cum.Sup.1991).[1] The school in this case is a general unsecured creditor whose debt is dischargeable in Debtor's Chapter 13 bankruptcy. Debtor, in her brief, raises the issue whether under the Supremacy Clause of the Constitution and § 525(a) of the Bankruptcy Code, Missouri's statute requiring that all school fees be fully paid before a student may sit for the cosmetology license exam is preempted by the Bankruptcy Code. *See,* U.S. Const. art. VI, cl. 2; 11 U.S.C. § 525(a) (1988). The Court will not reach the preemption issue because it must deny Debtor's motion without prejudice for failure to file an adversary complaint joining the Missouri Board of Cosmetology as a necessary party.

### FACTS

Debtor Tamela Lynn Smith petitioned the Court for relief under Chapter 13 of the Bankruptcy Code on December 16, 1991, and her Chapter 13 plan was confirmed by the Court on January 27, 1992. Debtor has attended The Independence College of Cosmetology and desires to make application to the Missouri Board of Cosmetology to take the state license exam. Citing Mo. Rev.Stat. § 329.040 subd. 15, the school has refused to certify to the Board that all of Debtor's school fees have been paid. Debtor's debt to the school remains unpaid and has been scheduled as a nonpriority unsecured claim in the amount of $1020.00 in her Chapter 13 plan.

### DISCUSSION

■ This case involves more than the simple refusal of the school to turn over a transcript of Debtor's academic work. What the school refuses to do is to certify to the Board of Cosmetology that Debtor

has fully paid her fees. Such certification is necessary in order for Debtor to sit for the Cosmetology license exam. Mo.Rev. Stat. § 329.040 subd. 15 (Cum.Sup.1991). Therefore, simply ordering the school to "release debtor's credit hours" would not to reach Debtor's real problem which is the state law which requires such fees to be paid before a student can apply to take the license exam.

What Debtor's motion really calls into question is the validity of the state law in the light of the Bankruptcy Code. The Supremacy Clause of the Constitution provides that the Constitution and the laws of the United States take precedence over individual state laws to the extent that the state law conflicts with the federal law.[2] In 1824, Chief Justice Marshall interpreted the clause this way:

> The nullity of any act, inconsistent with the constitution, is produced by the declaration, that the constitution is the supreme law. The appropriate application of that part of the clause which confers the same supremacy on laws and treaties, is to such acts of the state legislatures as do not transcend their powers, but though enacted in the execution of acknowledged state powers, interfere with, or are contrary to, the laws of congress, made in pursuance of the constitution.... In every such case, the act of congress ... is supreme; and the law of the state, though enacted in the exercise of powers not controverted, must yield to it.

*Gibbons v. Ogden,* 22 U.S. (9 Wheat.) 1, 210–11, 6 L.Ed. 23 (1824).

In the bankruptcy context, the case of *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), has addressed the issue in a case involving an Arizona law

---

**1.** The Missouri statute reads in pertinent part:

All contractual fees that a student owes to any cosmetology school shall be paid before such student may be allowed to apply for any examination required to be taken by an applicant applying for a license under the provisions of this chapter.

Mo.Rev.Stat. § 329.040 subd. 15.

**2.** The Supremacy Clause states:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. art. VI, cl. 2.

that required suspension of the driving privileges of anyone who failed to satisfy a judgment arising out of an automobile accident. That statute provided specifically that a discharge of the debt in bankruptcy had no effect on the operation of the statute. The sole emphasis of the statute was to provide leverage for collection of the judgment, even after the debt has been discharged in bankruptcy. *Id.* 91 S.Ct. at 1710. The Court invalidated the state statute as it applied to those whose judgment debt had been discharged in bankruptcy because the state statute was in direct conflict with the fresh start policy of the Bankruptcy Act. *Id.* at 1710–15.

The *Perez* case was specifically codified in the enactment of § 525 of the Bankruptcy Code. H.Rep. No. 595, 95th Cong., 1st Sess. 366–67 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6321–6323; *see* 11 U.S.C. § 525(a) (1988). That section makes it unlawful for a governmental unit to discriminate against a debtor because of nonpayment of a debt which is dischargeable in bankruptcy.[3]

As is obvious from the above discussion, the issues raised by Debtor intimately involve the State of Missouri. In fact, it is much more a matter of the requirements of the state law that stands in Debtor's way than it is the school's refusal to make the certification. Therefore, if the Court were to find in Debtor's favor on the merits, it could not enter an order that would effectively give Debtor the relief which she seeks. No order directed solely to the school would be capable of giving complete relief in this action. Accordingly, the appropriate agency of the State must be joined in this action in order that the State has an opportunity to fully litigate an issue with which it is so intimately involved and the State must be a party to the case if the Court is to enter an order which is capable of according full relief. *See* Fed. R.Bankr.P. 7019.

█ In addition, this action was filed as a simple motion. But it asks the Court to order injunctive relief against the school. Because it requests injunctive relief, the action must be filed as an adversary action and comply with the requirements of Part VII of the Bankruptcy Rules. Fed. R.Bankr.P. 7001(7).

## CONCLUSION

For the foregoing reasons, Debtor's Motion for Order Directing Independence College of Cosmetology to Release Debtor's Credit Hours is DENIED without prejudice to Debtor's right to refile the action as an adversary proceeding joining the State as a necessary party. It may well be that the State of Missouri has no more ability to enforce the tuition payments under its statute than the State of Arizona had to enforce the payments under its uninsured motorist statute, but certainly it is entitled to its day in court.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.

---

**3.** § 525 of the Bankruptcy Code reads in part: [A] governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title ... solely because such bankrupt or debtor ... has not paid a debt that is dischargeable in the case under this title.... 11 U.S.C. § 525(a) (1988).