**In re Marla Doreen HOLDER, Debtor.**

**Bankruptcy No. 93–1–0486–SD.**

United States Bankruptcy Court,
D. Maryland,
at Rockville.

Feb. 25, 1993.

Murray L. Deutchman, Rockville, MD.

Ellen W. Cosby, Chapter 13 Trustee, Baltimore, MD.

## MEMORANDUM OF DECISION DISMISSING CASE OF INELIGIBLE DEBTOR

E. STEPHEN DERBY, Bankruptcy Judge.

This matter comes before the court on the court's own motion pursuant to 11 U.S.C. § 105(a) that empowers this court to issue any order appropriate to carry out the provisions of Title 11 and to prevent an abuse of process. The court will dismiss this case because debtor is not an eligible debtor under 11 U.S.C. § 109(g).

The debtor, Marla Doreen Holder, previously filed a bankruptcy case under Chapter 13 on November 1, 1991, Case No. 91–4–5292–SD. Her Chapter 13 plan was filed on November 15, 1991. Confirmation of that plan was denied following a hearing held on February 6, 1992, and the debtor was granted leave to file an amended plan. The order denying confirmation of her Chapter 13 plan with leave to amend provided for a confirmation hearing on the amended plan on March 16, 1992. Because of various deficiencies, confirmation of debtor's second amended plan filed on March 10, 1992 was delayed. At a hearing held September 3, 1992 on the Chapter 13 Trustee's motion to dismiss for failure to satisfy the conditions for confirmation of debtor's plan, the Trustee noted that the debtor had made only four of ten plan payments, although the debtor maintained she had made eight plan payments. The hearing was continued to October 8, 1992 to allow debtor one last opportunity to provide documentary proof or a record of the eight plan payments she claimed to have made and otherwise to satisfy the conditions for confirmation. Debtor failed to do so or to make any additional plan payments by October 8, 1992.

Debtor demonstrated her inability to satisfy the requirement of 11 U.S.C. § 1325(a)(6) that "the debtor will be able to make all payments under the plan and to comply with the plan." The hearing on debtor's plan was continued until October 8, 1992 to enable debtor to have a final chance to demonstrate the feasibility of a plan by a showing that she had made all required postpetition payments. At the confirmation hearing held on October 8, 1992, debtor failed to sustain this burden. Debtor was not present in person, and she appeared only through counsel.

An order was entered October 13, 1992 denying confirmation of debtor's plan without leave to amend further, because the debtor had demonstrated conclusively that she was unable to fund Chapter 13 plan payments to cover prepetition arrearages on secured claims and payments to unsecured creditors, as well as to remain current on postpetition obligations. Debtor had demonstrated the futility of any further delay. The last paragraph of that order provides:

ORDERED, That in the event this case is not converted to a case under another chapter within fourteen (14) days from the date of this Order or dismissed voluntarily by the Debtor(s), then pursuant to 11 U.S.C. § 105(a) in order to avoid any abuse of process by multiple or successive filings under Chapter 13, this case may be dismissed by the Court on account of Debtor(s)' failure to prosecute the case properly, subject to 11 U.S.C. § 109(g), without further notice or hearing.

Debtor failed either to dismiss her case or to convert her case to one under another chapter within fourteen days after the date of entry of the order. Consequently, on November 5, 1992 the court entered an order dismissing the debtor's case subject to 11 U.S.C. § 109(g). Section 109(g) prohibits an individual debtor from filing a new bankruptcy case for 180 days after dismissal of a previous case. It provides as follows:

### § 109. Who may be a debtor

\*     \*     \*     \*     \*     \*

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor

to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

■ Section 109(g) was enacted as a part of the Bankruptcy Amendments and Federal Judgeship Act of 1984. It was designed to stop a pattern of serial filings by debtors that abuse the bankruptcy process. The legislative history of Section 109(g) contains the following statement:

The number of consumer bankruptcy cases filed has risen dramatically each year since the bankruptcy code was last amended in 1978. Several witnesses before the Senate Judiciary Committee pointed to these changes in the Code as the principal cause of the increase. The 1978 amendments generally eased a debtor'[s] access to bankruptcy to avoid excessive indebtedness. Title II [sic] contains over 30 substantive amendments to curb abuses of the bankruptcy code and make its use truly a last resort.

An example of the types of reform included in title III is the provision which addresses the subject of repetitive filings. A debtor would not be eligible for bankruptcy relief if a prior case filed by the same debtor had been dismissed within 180 days for failure to appear at a meeting of creditors or for failure to follow orders.

130 Cong.Rec. S8891 (daily ed. June 29, 1984), reprinted in 1984 U.S.Code Cong. & Ad.News 590, 597–98 (statements of Sen. Hatch). See *In re Hicks*, 138 B.R. 505, 506 (Bkrtcy.D.Md.1992).

Subsection (1) of Section 109(g) seeks to preserve the authority of bankruptcy courts to prevent abuse of the Bankruptcy Code and Rules where a debtor willfully fails to comply with court orders or appear and prosecute their case. A leading text draws this observation from the 1984 amendment:

Thus, section 109(g) prevents certain tactics on the debtor's part that could be deemed abusive. The debtor who does not appear as required or who disobeys the court's orders and suffers dismissal of the case as a result is explicitly prevented from immediately filing another petition; under such circumstances, instant refiling would thwart the court's effort to preserve its authority.

L. King, *Collier on Bankruptcy,* ¶ 109.06 (15th ed. 1992); see *Matter of Welling,* 102 B.R. 720, 723 (Bkrtcy.S.D.Iowa 1989) (dismissing case with prejudice in order that Section 109(g)(1) would act to prevent debtor from refiling for 180 days. Debtor's conduct displayed intentional and knowing disregard of the Court's order and the Bankruptcy Code and Rules by failing to file timely schedules and other required documents despite warnings by the Court.)

■ Section 109(g)(2) deals with voluntary dismissals and subsequent refilings which effectively act to prevent creditors from acquiring relief from the automatic stay and pursuing foreclosure remedies in state court proceedings. Customarily in such cases, a debtor's bankruptcy petition is filed to forestall a threatened foreclosure. Once the foreclosure process is stopped, debtors either do not, or cannot, properly prosecute the case, or they move to dismiss the case after a motion for relief from stay has been filed. The purpose of the 180 day period in Section 109(g) is to allow creditors holding secured claims, such as in this case Union Planters National Bank and Whitworth Weber & Smith, a window of opportunity to exercise their rights under state law free of the constraints of the bankruptcy law. Otherwise, debtors could file and dismiss cases at will, free to interdict all foreclosure efforts, and having succeeded, thereafter to cease to prosecute their cases or to dismiss them and refile when foreclosure again threatens. Accord, *Matter of Patton,* 49 B.R. 587, 589 (Bkrtcy.M.D.Ga.1985):

In the Court's opinion, [section 109(g)(2)] is intended to address the situation in which the debtor files a bankruptcy case to stay a foreclosure, and when the creditor seeks relief from the automatic stay, the case is then voluntarily dismissed by

the debtor. The debtor then refiles prior to the creditor's completing his next attempt to foreclose, and through this scheme, the debtor can continually frustrate the creditor's attempts to foreclose. Section 109(g)(2) prevents this type of strategic behavior.

 Subsection (1) of Section 109(g) applies in this case. Once the futility of debtor's Chapter 13 efforts had been established, her willful failure to abide by the order of the court, either to convert her case to a case under another chapter or to dismiss her case, merited dismissal of the case subject to the sanction of 11 U.S.C. § 109(g).

An appropriate order will be entered.