**In re Henry Joseph GROS, Jr., Debtor.**

**Bankruptcy No. 94–507–BKC–3F3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 20, 1994.

David Pinkston, Jacksonville, FL, for debtor.

Harris L. Bonnette, Jr., Jacksonville, FL, for I.R.S.

Mamie L. Davis, Chapter 13 Trustee, Jacksonville, FL.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court on the United States of America's (Internal Revenue Service) Motion to Dismiss with Prejudice for Bad Faith Filing. A hearing was held on October 5, 1994, and based upon the evidence presented the Court enters findings of fact and conclusions of law:

### Findings of Fact

1. The debtor filed a series of five bankruptcies, including the present case, over a period of two years and twenty-two days.

2. The Internal Revenue Service filed a Notice of Federal Tax Lien against Mr. Gros on September 9, 1991, which consisted of federal income taxes for taxable years 1986, 1987, and 1990.

3. In the latter part of 1991 and the first few days in 1992, the Internal Revenue Service undertook enforced collection action to collect Mr. Gros' federal tax liabilities.

4. Mr. Gros' first bankruptcy, Case No. 92–261–BKC–3P3, was filed on January 17, 1992. Because he failed to file a plan in accordance with the Court's Order dated February 3, 1992, the case was dismissed on March 4, 1992.

5. After dismissal of the first bankruptcy, the Internal Revenue Service again initiated collection activity which included issuing a notice of levy.

6. The debtor filed a second bankruptcy, Case No. 92–04786–BKC–3P3, on August 21, 1992. On August 26, 1992, the Court ordered the debtor to file all state and federal tax returns and pay taxes when due. This second case was subsequently dismissed on October 13, 1992, because of his failure to file a plan.

7. After dismissal of Mr. Gros' second bankruptcy, the Internal Revenue Service resumed its collection activity including the issuance of a final notice informing him that if he did not pay his tax liabilities enforced collection action would commence.

8. On January 19, 1993, the debtor filed his third bankruptcy, Case No. 93–00234–BKC–3P3. By Order dated January 21, 1993, the Court again ordered the debtor to file all state and federal tax returns and pay

**776**

taxes when due. Like the first two bankruptcies, on February 18, 1993, the Court dismissed this third bankruptcy because of the debtor's failure to file a plan.

9. After dismissal of the third case, the Internal Revenue Service resumed its collection activity including the issuance of a notice of levy.

10. On July 8, 1993, Mr. Gros filed his fourth bankruptcy, Case No. 93–03182–BKC–3P3. On July 19, 1993, the Court ordered the debtor to file all state and federal tax returns and pay taxes when due. On August 9, 1993, the Court dismissed the debtor's fourth bankruptcy because of his failure to file a plan, statement of affairs and schedules.

11. After dismissal of the debtor's fourth bankruptcy, the Internal Revenue Service resumed its collection activity including the issuance of a notice of levy on February 1, 1994.

12. On February 8, 1994, Mr. Gros filed this bankruptcy case, his fifth. The Court ordered him to file all state and federal tax returns and pay taxes when due on February 15, 1994.

13. Despite the Court's orders to file all federal and state tax returns and pay taxes when due Mr. Gros failed to file his 1991, 1992, or 1993 federal income tax returns.

14. In addition to the Court's orders, the Internal Revenue Service wrote the debtor a letter at the beginning of each bankruptcy requesting that he file his delinquent federal tax returns.

15. Mr. Gros made no payments to the Chapter 13 trustee since the petition in this case was filed.

### CONCLUSIONS OF LAW

The Internal Revenue Service argues that this fifth bankruptcy filing was in bad faith and therefore should be dismissed. In addition, it argues that because of the debtor's bankruptcy petition filing history, the Court should dismiss this case with prejudice to prevent the debtor from filing another bankruptcy petition for either a set period of time or only with permission from this Court.

11 U.S.C. § 1307(c) states:

(c) ... on request of a party in interest or the United States trustee and after notice and a hearing, the Court may convert a case under this chapter to a case under Chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of the creditors and the estate, for cause, including—

(1) Unreasonable delay by the debtor that is prejudicial to creditors;

■ It is clear that the debtor's repeated filings caused unreasonable delay that prejudiced the Internal Revenue Service's collection efforts. Despite obtaining relief afforded by the automatic stay Mr. Gros made no effort to comply with this Court's orders or make a reasonable effort to comply with the Bankruptcy Code and Rules.

■ Bad faith is also a cause to dismiss a case. *Shell Oil Co. v. Waldron (In re Waldron)*, 785 F.2d 936 (11th Cir.1986). Here the debtor's bad faith can be inferred from the filing of multiple bankruptcies which are later involuntarily dismissed.

■ The Eleventh Circuit has stated a variety of factors the bankruptcy court is to consider in determining a debtor's good faith including the frequency with which a debtor has sought relief under the Bankruptcy Code and a debtor's motivation and sincerity in seeking relief. *Kitchens v. Georgia Railroad Bank & Trust Co. (In re Kitchens)*, 702 F.2d 885 (11th Cir.1983). The Eleventh Circuit has also made it clear that an analysis of the debtor's pre-petition treatment of his or her creditors is necessary. *Kitchens v. Georgia Railroad Bank & Trust Co. (In re Kitchens)*, 702 F.2d at 889.

The Internal Revenue Code imposes a duty to file federal income tax returns. See, 26 U.S.C. §§ 6001 and 6011, and a failure to file required returns carries civil, and in some circumstances, criminal penalties. 26 U.S.C. §§ 6651 and 7203.

■ This Court concludes that the debtor's five bankruptcy filings over a period of two years and twenty-two days together with involuntary dismissals and his failure to file federal tax returns despite multiple orders

from this Court constitutes unmistakable manifestations of bad faith. The debtor has enjoyed the benefits of the automatic stay afforded by filing a bankruptcy petition yet steadfastly ignores orders of this Court and the Internal Revenue laws by failing to file his federal tax returns. See, *Matter of Crayton,* 169 B.R. 243 (Bankr.S.D.Ga.1994).

11 U.S.C. § 349(a) states:

Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in § 109(f) of this title.

There can be no doubt that the debtor's multiple bankruptcy filings, coupled with involuntary dismissals is cause to dismiss this case with prejudice. See, *In re Rosenthal,* 117 B.R. 710 (Bankr.N.D.Fla.1990). In light of the facts found, this Court believes the debtor should be barred from filing another bankruptcy petition within the United States of America for a period of two years without specific permission from this Court.

#### Conclusion

The Court holds that Mr. Gros' filing of the present bankruptcy case was made in bad faith because of his failure to file his federal tax returns as ordered in this case and in prior cases and his multiple bankruptcy filings which were involuntarily dismissed for failure to comply with orders of this Court. In addition, the Court finds that this case should be dismissed with prejudice from filing another bankruptcy petition with the United States of America for a period of two years unless specifically authorized by this Court. A separate order consistent with these findings of fact and conclusions of law will be entered.

*ORDER GRANTING UNITED STATES OF AMERICA'S (INTERNAL REVENUE SERVICE) MOTION TO DISMISS WITH PREJUDICE FOR BAD FAITH FILING*

Upon findings of fact and conclusions of law separately entered, it is

ORDERED that:

1. The United States of America's (Internal Revenue Service) Motion to Dismiss With Prejudice For Bad Faith Filing is granted.

2. The debtor may file no case under Title 11, United States Code, in any bankruptcy court in the United States of America without first securing authority to do so from this Court. In the event the debtor applies to this Court for authority to file a case under Title 11, United States Code, he shall furnish notice of such application to the United States Trustee, The Internal Revenue Service, The Chapter 13 Trustee, all of his unsecured creditors, and all of his secured creditors.

DONE AND ORDERED.