**In re William D. ROBERTSON, Debtor.**

**Bankruptcy No. 96–22890.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Dec. 5, 1996.

C. Kent Allison, Allison & Edge, P.C., Virginia Beach, VA, for William D. Robertson, Debtor.

Greg D. Stefan, Assistant U.S. Attorney, Norfolk, VA, for I.R.S.

Frank J. Santoro, Chapter 13 Trustee, Marcus, Santoro, Kozak & Melvin, P.C., Portsmouth, VA.

## AMENDED MEMORANDUM OPINION AND ORDER

DAVID H. ADAMS, Bankruptcy Judge.

This matter is before the Court on the Objection to Confirmation and the Motion for Dismissal with Prejudice ("Motion") filed by the Internal Revenue Service. The court ruled from the bench on the IRS Objection to Confirmation by sustaining the objection and finding that the debtor had not filed his 1995 income tax return, making confirmation of his plan improper. The issue of the dismissal with prejudice was taken under advisement by the Court to evaluate not only the issue of cause for a dismissal with prejudice, but also to address the procedural question that, as far as the Court can tell, is one of first impression.

The IRS Motion requested the Court to enjoin the debtor from filing another bankruptcy petition for 1,251 days. This number, having been arrived at by multiplying the debtor's number of days in bankruptcy by three, is well beyond the normal proscription under 11 U.S.C. § 109(g) of 180 days. The Chapter 13 Trustee contended at the hearing that because of the length of the injunction, this matter should have been brought as an adversary proceeding under Bankruptcy Rule 7001(7). The Court took this matter under advisement to specifically address the procedural issue of whether the filing of an adversary proceeding, in addition to a motion to dismiss, is necessary for a dismissal with prejudice beyond 180 days and to determine whether cause exists for such a ruling.

## STATEMENT OF FACTS

Because the chronology of the debtor's actions in this case is so relevant to the issue of dismissal with prejudice, the Court feels compelled to give extensive detail concerning the prior proceedings. This is the debtor's third Chapter 13 bankruptcy filing since February, 1995. He has continuously been in disagreement with the IRS over the amount of the tax claims against him relating back to 1988. The IRS first filed a Notice of Deficiency with the debtor on May 12, 1994 with respect to the debtor's income tax returns for 1988, 1989, and 1990. The debtor contested these claims in the United States Tax Court by filing a petition in that court on the last possible day for filing. The IRS answered and the debtor filed another last minute petition with the same court relative to his 1991 income taxes. The IRS then moved to compel the production of documents from the debtor. which was enforced by an order entered on December 28, 1994, making the production of such documents mandatory by February 1, 1995. The debtor filed his first bankruptcy petition with this Court on February 3, 1995.

After filing the petition, the debtor moved for an extension of time for the filing of the Chapter 13 plan. The motion was granted and the debtor was given until March 7, 1995 to file his plan. The plan he filed listed a priority tax claim in the amount of $6,000 for the years 1988, 1989, 1990, and 1991. The IRS filed a proof of claim for $37,011.63 in secured priority taxes and for $6,408.80 in general unsecured taxes due. As a result of the debtor's failure to file tax returns, these claims included estimates for the debtor's 1993 and 1994 taxes. Subsequently, the IRS filed the Objection to Confirmation asserting that the debtor's plan did not provide for the payment in full of the IRS tax claims, that the plan was not feasible, and that the plan could not be confirmed because the debtor had failed to file his tax returns. The hearing on the Objection to Confirmation was postponed to allow the debtor to file an objection to the IRS claims by June 30, 1995. The debtor filed his objection on June 30, 1995. Nonetheless, the case was dismissed by order of this Court entered on August 21, 1995, in response to the motion of the Chapter 13 Trustee, for the debtor's failure to make payments under the plan.

On October 16, 1995, less than two months after the dismissal, the debtor filed his second Chapter 13 petition. On November 1, 1995 the debtor filed another motion to extend his time to file a plan. The motion was granted and the debtor was given until November 6, 1995 to file the second of his

Chapter 13 plans. This plan was timely filed and listed the amount of the IRS's priority claim for 1988, 1989, and 1990 as $2,500 and qualified the claim as disputed. The IRS filed an identical proof of claim to that filed in the debtor's previous Chapter 13 filing. After filing another Objection to Confirmation, the IRS's motion was continued to allow the debtor to file yet another objection to the IRS claims. The objection to the claim was served on the IRS by the debtor, but was not timely filed with the Court. Accordingly, the Court denied confirmation and entered an order dismissing the case on March 6, 1996, because of the debtor's failure to take action, pursuant to Local Rule 313(G)[1] to file an amended plan, after the denial of confirmation.

The debtor filed his third and present bankruptcy on May 14, 1996 and *again* filed a motion for an extension of time to file his Chapter 13 plan. This plan was filed on June 13, 1996, and provides for the payment of $10,000 towards the priority tax claims and again states that the IRS tax claims are disputed. The IRS filed another proof of claim on July 8, 1996 listing its priority claim this time as $47,077.70 and its general unsecured claim in the amount of $9,198.20. The tax claims for 1988, 1989, 1990, and 1991 are listed as "assessment prohibited" and are the subject of the continuing cases in the U.S. Tax Court referred to above. The proof of claim also listed assessments for the debtor's 1993 and 1994 income tax liabilities, and because of the debtors failure to file a return for 1995, an estimate for his 1995 income taxes.

With regard to the 1995 tax return, the debtor stated at his July 1, 1996 § 341 meeting that he had filed a request for an extension of time to file the 1995 return, and was in possession of all information necessary to file but was waiting to do so until his dispute with the IRS was settled. On July 8, 1996 the IRS faxed a copy of its proof of claim to debtor's counsel under the belief that, as debtor's counsel had stated, the debtor would be filing an objection to the IRS claim within 10 days. The IRS has no record of an extension of time ever being requested with regard to the 1995 tax return. The objection to the IRS's claim and an amended plan, however, were finally filed on October 3, nine days after the confirmation hearing was held and a motion to dismiss was filed.

Although the debtor testified that he was prepared to file his 1995 returns, it was too little too late. The Court denied the confirmation of the debtor's plan on the basis of his failure to file the tax returns. Subsequently, the Chapter 13 Trustee questioned the IRS motion regarding the requested dismissal with prejudice for 1,251 days, and the Court took this procedural issue and the issue of cause under advisement.

## CONCLUSIONS OF LAW

### BANKRUPTCY RULE 7001(7)

■ Bankruptcy Rule 7001(7) simply states that an adversary proceeding "is a proceeding to obtain an injunction or other equitable relief." Thus, to be procedurally correct, a party wishing to enjoin another in a bankruptcy proceeding would be in error not to file a complaint to initiate an adversary proceeding. The Court must decide the very narrow issue of whether a motion for dismissal with prejudice for 1,251 days is an injunction under the relevant case law of the Fourth Circuit and within the meaning of Bankruptcy Rule 7001(7).

Putting aside for the moment the issue of cause and the propriety of a motion for dismissal beyond 180 days, this Court must address whether a motion for dismissal with prejudice beyond the normal 180 days of § 109(g) is a request for an injunction which requires the filing of an adversary proceeding. In the bankruptcy context, courts generally label actions as injunctions when dealing with a demand for an action or a request

---

1. Local Rule 313(G) provides: "If the Court denies confirmation of the debtor's plan, the Clerk is directed to issue an order dismissing the Chapter 13 case unless, within ten days after denial of confirmation:

  (1) The debtor files another modified plan

  (2) The debtor moves to convert the case to another Chapter of the Bankruptcy Code,

  (3) the debtor files a motion for reconsideration or appeals the denial of the confirmation, or

  (4) the Court otherwise orders."

to forbid an action relating to the rights of parties in ongoing cases, and require that an adversary proceeding be filed. *In re Miles Garnett,* 47 B.R. 170, 171 (Bankr.E.D.N.Y. 1985) (Chapter 7 Debtor's request to enjoin parties procedurally defective for failure to file an adversary proceeding); *In re Dahlquist,* 33 B.R. 101, 103 (Bankr.D.S.D.1983) (Chapter 11 debtor's request for injunction against bank from pursuing collection from non-debtor third party not proper for failure to file an adversary proceeding); *In re Geotel,* 145 B.R. 763, 766 (Bankr.E.D.N.Y.1992) (Chapter 7 trustee's motion to compel the turnover of documents procedurally improper for failure to file an adversary proceeding); *In re Smith,* 142 B.R. 348, 350 (Bankr. W.D.Mo.1992) (Chapter 13 debtor's motion to compel turnover of school transcripts procedurally improper for failure to file adversary proceeding). Here, the IRS is asking the Court to prohibit the debtor from filing a bankruptcy petition for 1,251 days. This would clearly enjoin the debtor from filing another bankruptcy, but the Court can find no specific authority for labeling it as an injunction requiring an adversary proceeding under B.R. 7001(7). To the contrary, motions to dismiss with prejudice have been the customary procedure in instances of abuse of the system for enjoining the debtor from re-filing for a certain amount of time, even beyond the 180 day mark. *In re Gros,* 173 B.R. 774, 777 (Bankr.M.D.Fla.1994). In *Gros,* on the IRS's motion to dismiss with prejudice, the Chapter 13 debtor was found to have acted in bad faith in a fifth bankruptcy petition and was enjoined by the court from filing another bankruptcy petition for 2 years, unless first obtaining permission from the court. Although brought under a motion for dismissal with prejudice, neither the court nor any other party made any reference to or allegation of any procedural impropriety. Although this Court realizes that it is not standard practice to infer what the law is from the lack of reported cases, with regard to this issue, it is left with no other conclusion.

The Court has not found any cases in which a creditor's motion for dismissal with prejudice beyond 180 days has been challenged for lack of filing an adversary proceeding. However, the Court has found cases where creditors filed such motions to dismiss, and whether granted or not, the procedural aspect was never questioned. *See In re Hundley,* 103 B.R. 768 (Bankr.E.D.Va. 1989); *Lerch v. Federal Land Bank of St. Louis,* 94 B.R. 998 (N.D.Ill.1989). The Court, after reviewing the controlling case law of this Circuit and the relevant law elsewhere, finds that a motion to dismiss with prejudice, as the result of a bad faith filing or serial filings, should not be viewed as an injunction as contemplated by Bankruptcy Rule 7001(7). Therefore, the imposition of a prejudicial preclusion is appropriate under a motion to dismiss in those specific instances.

We have compared the authority granted to the Court under § 109(g) to preclude the debtor from filing a bankruptcy petition for a period of 180 days if the debtor's prior case was dismissed because of the debtor's willful failure to obey an order of the court or his failure to properly prosecute his case or where the debtor obtained a voluntary dismissal of the case after a request for relief from stay had been filed by a creditor. Bankruptcy courts have generally interpreted § 109(g) as a grant of authority to dismiss a case for prejudice, i.e. for a period of 180 days before the debtor may file another bankruptcy petition, for abusive serial and bad faith filings "to stop a pattern of serial filings by debtors that abuse the bankruptcy process." *In re Holder,* 151 B.R. 725, 727 (Bankr.D.Md.1993). A proceeding under Bankruptcy Rule 7001(7) contemplates the imposition of a formal injunction, and therefore requires the filing of an adversary proceeding to invoke the Federal Rules of Civil Procedure, specifically F.R.Civ.P. 65. That formality is not necessary in the realm of motions to dismiss with prejudice to the immediate re-filing of a bankruptcy petition.

Clearly the most sensible approach is to understand that the basic relief sought is a dismissal of the proceedings, whether the court decides to proceed further with a bar to the debtor filing another bankruptcy is an ancillary matter that accompanies the motion, but is not the essence of the motion itself. Moreover, judicial economy is better served when the court can hear one motion

instead of two and can dispose of most of the motions based on the record then before it. To make the movant file an adversary proceeding outside of the motion to dismiss would only serve to help further congest an already heavily burdened national bankruptcy docket. As a result, the Court finds the IRS's Motion to Dismiss with Prejudice for 1,251 days to be procedurally proper.

## Propriety of a Dismissal with Prejudice Beyond 180 Days

■ As was previously stated, this Circuit has already dealt with the issue of whether a debtor can be enjoined from filing a bankruptcy petition beyond 180 days. *In re Hundley*, 103 B.R. 768, 771 (Bankr.E.D.Va. 1989); *See also In re Gros*, 173 B.R. 774, 777 (Bankr.M.D.Fla.1994). In this case, the IRS has asked for a preclusionary filing period of 1,251 days. Because we have determined that a motion to dismiss with prejudice beyond 180 days is procedurally appropriate, we find no sound reason to set an arbitrary limit to the permissible duration of a dismissal with prejudice. It is ultimately up to the courts discretion to decide if the length of time requested by the movant is appropriate. Hence, the Court takes no issue with the IRS's motion to dismiss for 1,251 days or a bankruptcy court's ability to do so if it feels that such a period of time is merited by the circumstances.

2. 11 U.S.C. Section 1325(a)(3) states that "the court shall confirm a plan if the plan has been proposed in good faith and not by any means forbidden by law." On the whole, bankruptcy courts are allowed plenary discretion in deciding whether the filing of a bankruptcy was done in good faith. *Jolly v. Great Western Bank (In re Jolly)*, 143 B.R. 383, 386 (E.D.Va.1992); *In re Gros*, 173 B.R. 774, 777 (Bankr.M.D.Fla.1994).

3. 11 U.S.C. 1307(c) states, "the court may convert a case under this chapter to a case under Chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, ...". Section 1307(c) then goes on to list criteria the court can use in assessing whether cause exists to dismiss a case. Here, the IRS is specifically alleging that cause exists under § 1307(c)(1) for the dismissal because of the unreasonable delay the debtor has caused in the collection of the Service's claims.

4. Some courts have asserted that a court's ability to dismiss with prejudice is only possible within

## Cause for Dismissal with Prejudice

■ The IRS alleges cause to dismiss the debtor's case and to prevent a re-filing for a protracted period of time stems from the debtor's bad faith in filing his three Chapter 13 bankruptcy petitions in violation of § 1325(a)(3) [2] and the prejudicial delay that has resulted making dismissal proper under § 1307(c).[3] The conduct of the debtor in his bankruptcy cases permits the Court to invoke the power to dismiss this case with prejudice. Otherwise, this bankruptcy court would be deprived of the power to control its docket. When granting a dismissal with prejudice, the Court must rely on § 105(a), § 109(g) and § 349(a) of the Bankruptcy Code, 11 U.S.C., § 105(a) allows the court to, "issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title." Accordingly, that section grants to the court certain equitable powers, but does not grant the bankruptcy court, "a license ... to disregard the clear language and meaning of the bankruptcy statutes and rules." *Jolly v. Great Western Bank (In re Jolly)*, 143 B.R. 383, 386 (E.D.Va.1992) (citing *Official Committee of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir.1987)). There is a disagreement among the Circuits over whether a bankruptcy court can dismiss with prejudice under § 105 for cause other than those listed in § 109(g) while not violating section § 349.[4]

the limits set out in § 109(g). See *Frieouf v. United States, (In re Frieouf)*, 938 F.2d 1099, 1103 (10th Cir.1991); *In re Jones*, 192 B.R. 289, 292 (Bankr.M.D.Ga.1996); *In re Merrill*, 192 B.R. 245, 253 (Bankr.D.Colo.1995). § 109(g) states that dismissal for 180 days may only be issued by the court when there is a, "willful failure by the debtor to abide by the orders of the court, or to appear before the court in proper prosecution of the case; or the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section § 362 of this title." In reaching this conclusion these courts have relied on the language of section § 349(a) which they feel limits the courts to a dismissal with prejudice only in the cases that conform to § 109(g).

The 4th Circuit, however, has interpreted the semicolon in § 349(a) as, "apply[ing] both to the clause preceding the semi-colon and the clause following the semi-colon." *Jolly*, at 387; See also *Gros*. Thus, in this Circuit the "semi-colon

Yet, to this Court it is clear that a bankruptcy court is within its equitable powers in dismissing a case with prejudice "for cause, or otherwise" in accordance with § 349(a).

■ There is cause for this Court to dismiss this case with prejudice. The debtor has had each of his bankruptcy petitions, including this one, involuntarily dismissed for failure to meet the requirements of the Bankruptcy Code. With each filing, the debtor has requested an extension of time to file his schedules and plan. The debtor has continued to list his debts to the IRS at substantially lower amounts than claimed by the IRS. Moreover, after each plan was finally filed, the debtor, knowing the IRS would object to the amounts listed in the plan, has asked for a continuance to file an objection to the IRS claim. Yet, in only one instance was the debtor's objection to claim of the IRS timely filed. What the Court finds most compelling, however, is the debtor's testimony at the hearing. It was clear to this Court from the debtor's testimony and by his actions in his three bankruptcies, that he was using the bankruptcy process as bargaining leverage purely to delay the payment of his debt to the IRS. He also intended to procure its acquiescence to a lower claim by staying in a series of bankruptcies. The bankruptcy process is not to be used as a settlement and negotiating tactic for debtors who have disputes with creditors. We believe there is strong evidence of bad faith on the part of the debtor and find this behavior deserving of a dismissal with prejudice under § 1307(c), § 105(a), § 109(g) and § 349(a). Based on the debtor's conduct, a dismissal with prejudice to his right to re-file a bankruptcy petition for a period of 417 days, the actual time that he has unreasonably delayed the IRS and his other creditors, is warranted.

It is so ORDERED.

in § 349 does not create two completely separate clauses" and the qualifying phrase in § 349(a), "unless the court, for cause, orders otherwise", gives this Court the power to dismiss a case, for cause, with prejudice.