In re Patricia L. DONIFF, Debtor.

James P. OWINGS, Movant,

v.

Patricia L. DONIFF, Gerald M. O'Donnell, Trustee.

Bankruptcy No. 91–10175–AT.

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

June 3, 1991.

A.J. Albanese, Albanese & Mattick, P.C., Fairfax, Va., for movant.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held on May 16, 1991, on motion of James P. Owings, a secured creditor, to reopen this dismissed case and enter an order of dismissal with prejudice.[1] The debtor filed no response to the motion and failed to appear and oppose the motion.

For reasons stated in this opinion, the motion will be granted.

Owings' counsel also filed a similar motion on May 10, 1991, in the chapter 13 case of the debtor's husband, Kyle L. Doniff (No. 91–11143), which had been dismissed April 18, 1991. This motion was not before the court on May 16, 1991, and the court makes no ruling on it at this time.

### Procedural Background

This is the second of two chapter 13 cases filed by Patricia L. Doniff, pro se. The issue raised by Owings' motion arises out of what the movant argues to be the debtor's abuse of procedures provided under local rules of bankruptcy for this district. These local rules, which are described in detail below, recognize that a debtor may initiate a bankruptcy case by filing a one page petition, a statistical cover sheet, and a list of creditors. The rules go on to set a 15 day time limit on the debtor's filing of the remaining necessary papers; the court may extend the time upon request of the debtor. Once time for filing all documents has expired, the case is dismissed by order of the clerk of court as a matter of course if any required document has not been filed. Dismissal of a bankruptcy case under these procedures is commonly referred to as an automatic dismissal.

Both of Ms. Doniff's bankruptcy cases were dismissed under these rules.

### Facts

First Case, No. 90–12680.

On October 18, 1990, the debtor filed a minimal chapter 13 petition which included no statements, schedules, or plan. At that time there was scheduled for October 19, 1990, a foreclosure on the jointly owned residence of Mr. and Mrs. Doniff under a third deed of trust securing a note held by James P. Owings.

On November 2, 1990, debtor filed a motion, granted by the court, to extend the

---

1. Alternatively, the motion requested the court to reopen and convert the case to a chapter 7 case. This the court declines to do.

time to file statements and schedules to November 16, 1990; on November 8, 1990, she filed a motion to extend time for filing her chapter 13 plan.

On November 15, 1990, Owings filed a motion for relief from stay. Debtor filed no response.

On November 19, 1990, the clerk entered a form order that dismissed the case pursuant to Local Rules 207 and 313.

On December 19, 1990, the court granted Owings' motion for relief from stay by default.

Second Case, No. 91–10175.

On January 16, 1991, debtor filed another minimal chapter 13 petition. On that date there was scheduled for January 17, 1991, a foreclosure of the Owings' deed of trust against the Doniffs' residence.

On January 25, 1991, Owings filed a motion for relief from stay. On February 1, 1991, Owings filed a motion to convert the case to chapter 7 or alternatively to dismiss the case.

On January 31, 1991, debtor filed a notice of motion to extend time to file her lists, statements, and schedules, which indicated she had sent copies to all creditors and parties in interest. However, her motion to extend the time was not filed until February 8, 1991. There is no order granting this motion in the court's file.

On February 8, 1991, the clerk ordered the case dismissed under Local Rules 207 and 313 for the stated reason that debtor had failed to timely file a chapter 13 plan.

On February 12, 1991, debtor filed a motion to convert the case to a chapter 7 case.

At a preliminary hearing on February 22, 1991, the court granted Owings' motion for relief from stay for cause. At that time, apparently neither the court nor Owings' counsel were aware that an order of dismissal of the case had been entered on February 8, 1991.

On April 4, 1991, Owings filed the motion presently under consideration requesting the court to reopen the case and enter a new order of dismissal with prejudice. Debtor failed to respond to the motion or appear at the hearing on May 16.

The files for both of debtor's chapter 13 cases reveal that the debtor never filed any of the statements, schedules, or chapter 13 plan necessary to complete her minimally filed petitions.

Case No. 91–11143, Kyle L. Doniff.

On March 21, 1991, debtor's husband Kyle L. Doniff filed, pro se, a minimal chapter 13 petition. On March 26, 1991, he moved to dismiss this petition, and the case was ordered dismissed on April 18, 1991.

### Discussion And Conclusions

Several years ago, the Bankruptcy Court for the Eastern District of Virginia adopted what are now L.R. 207 and 313, Local Rules of the United States Bankruptcy Court For The Eastern District of Virginia (Feb. 15, 1988). *Standing Order Adopting Local Rules*, No. 87–4 (Bankr. E.D.Va. Jan. 4, 1988).

L.R. 207 provides in part that where a voluntary petition is filed but not accompanied by appropriate lists, schedules, and statements, the clerk will dismiss the case unless these documents are filed within 15 days. The rule also allows for motions to extend the time. L.R. 207(A), Local Rules of the United States Bankruptcy Court For The Eastern District of Virginia (Feb. 15, 1988).

L.R. 313 provides a similar automatic case dismissal in chapter 13 cases where a chapter 13 plan is not filed within 15 days after the petition is filed. Provision is made for extension of the time.[2] L.R. 313(B), (F).

---

**2.** Another local rule, not involved in this case, but of similar import to the rules just described is L.R. 209, which provides for dismissal of a bankruptcy case after notice to the debtor by the clerk where the debtor or debtor's counsel have failed to appear at the § 341 creditors' meeting. Under this rule if the debtor who does not attend the § 341 meeting wants to prevent dismissal the debtor must file within 11 days after the clerk's notice a request for hearing before the court on the issue of dismissal. Thus, failure to request a hearing results in a so-called automatic dismissal of the case. L.R. 209(B).

In practice under these rules, even where orders of dismissal are entered, debtors may by motion request the court to reconsider and set aside a dismissal.

These local rules were adopted by the bankruptcy judges of this district to counteract delays being encountered by the court in the administration and closing of bankruptcy cases. The rules have worked well and generally have accomplished their purpose. However, there appears to be a growing tendency by some to use the rules to abuse the very system they were designed to assist.

■ This case and the debtor's earlier case present good examples of the abusive manipulation possible under L.R. 207 and 313. In October 1990, one day before a scheduled foreclosure of her residence, debtor filed a minimal chapter 13 petition which stayed the foreclosure. Without ever filing any statements, schedules or chapter 13 plan, the debtor was able to delay the foreclosure by several weeks before her case was finally dismissed under the court's local rules.

■ In January 1991, after Owings had gone to the expense of noticing another foreclosure, debtor repeated the same procedure as before and filed a minimal chapter 13 petition one day before the scheduled foreclosure. Unfortunately for her, the debtor's motion to gain additional time by extending the 15 day period to complete her bankruptcy filing was not timely received by the court. Thus the clerk appropriately entered an order of dismissal on February 8, 1991. Since she failed to request the court to rescind the dismissal, a motion filed by debtor on February 12, 1991, to convert the case to a chapter 7 was moot; the case was already dismissed.

There is nothing in either of the debtor's case files that suggests she had any intention of proposing a chapter 13 plan or otherwise completing the filing of a case under chapter 13 (or chapter 7). These circumstances convince me that the debtor intentionally took advantage of the bankruptcy law and procedures for the sole purpose of delaying the creditor Owings in the enforcement of his deed of trust.

The debtor's pleadings were artfully drawn, and she had obvious knowledge of procedures followed by this court under the local rules. Possibly she received professional advice on how to accomplish her goal. Unfortunately, from my experience and that of other judges in this district there are attorneys who allow or counsel clients to use our local rules for delay purposes.

The following recent incident well illustrates the deterioration of the practice under the local rules in this district: Debtor X, an attorney and old acquaintance of Bankruptcy Judge Y, sees Judge Y in the court building. Debtor X advises Judge Y that he has just filed a bankruptcy petition under the "15 day rule". When asked by Judge Y what he means by this, Debtor X explains that the rule will allow him to have his case automatically dismissed after 15 days.

■ In the meantime Debtor X will have probably succeeded in delaying for weeks any contemplated or pending legal action against him. Such abuse will not be tolerated by this court. The use of local bankruptcy rules for purposes of delay may not only constitute grounds for dismissal of cases with prejudice but also may subject attorneys who engage in this type of practice to appropriate sanctions.

In view of the court's finding that the debtor's filing in this case was abusive, a new order of dismissal with prejudice pursuant to 11 U.S.C. § 349 will be entered. Debtor will be enjoined from filing a bankruptcy petition for a period of 180 days after dismissal. The court relies upon 11 U.S.C. §§ 105, 349 and 1307 for this ruling. *See In re Hundley*, 103 B.R. 768, 771 (Bankr.E.D.Va.1989).