Henry J. Walker, Sr., pro se.

Scott G. Adams, Adams & Associates, creditor, pro se.

Gerald M. O'Donnell, Alexandria, VA, Chapter 13 Trustee.

**In re Henry J. WALKER, Sr., Pro Se, Debtor.**

**Bankruptcy No. 92–14435–AT.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

March 26, 1993.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

On March 22, 1993, hearing was held on the debtor's motion requesting the court to vacate an order entered January 13, 1993, which dismissed this chapter 13 case "with prejudice." For reasons stated from the bench and in this opinion, the motion to vacate will be granted.

#### Facts

This pro se debtor filed a chapter 13 bankruptcy petition on September 15, 1992, and a meeting of creditors was scheduled for October 19, 1992. Debtor did not timely file and distribute his chapter 13 plan and did not attend the scheduled section 341 meeting of creditors. Accordingly, pursuant to Local Rules 207 and 209, debtor's case was administratively dismissed by

**10.** The pleading previously filed in connection with the instant motion shall be deemed a part of that proceeding.

order of the court entered on October 29, 1993.

On November 4, 1992, pro se creditor Scott G. Adams filed a motion to dismiss debtor's case "with prejudice." The motion was supported by Adams' affidavit alleging fraud and substantial abuse of process by debtor. In his motion, Adams certified he had given debtor notice of his motion and affidavit. However, debtor did not appear at hearing on Adams' motion held December 21, 1992. Accordingly, Adams' allegations were not rebutted, and the court ordered the case dismissed "with prejudice" at the conclusion of hearing. Adams' motion was also supported by the chapter 13 trustee. The dismissal order was entered on January 13, 1993.

On January 12, 1993, debtor filed a second chapter 13 bankruptcy petition, Case No. 93–10119–AB. This case was dismissed on March 18, 1993, pursuant to Local Rule 314(C) upon the chapter 13 trustee's certification that the debtor had failed to commence plan payments.

On February 16, 1993, the debtor filed the current motion to vacate this court's order of January 13, 1993, dismissing his first chapter 13 case "with prejudice." This motion was set for hearing for March 22, 1993, at which time debtor asserted that his personal mail had been tampered with, and he did not receive notice of Adams' motion to dismiss his case "with prejudice" or of the hearing scheduled on December 21, 1992. Adams asserted in reply that a postal inspector had quickly remedied debtor's mail problem and that there was no reason to believe debtor did not receive notice of his motion. The cross assertions of debtor and Adams concerning debtor's mail service were non-productive and of little help to the court.

### Discussion and Conclusions of Law

The court believes the dismissal of a bankruptcy case "with prejudice" is a severe sanction and should not be imposed lightly. I believe a legitimate question has been raised in this case as to whether or not the debtor received notice of Adams' dismissal motion. Accordingly, the court will give debtor the benefit of the doubt and vacate the order dismissing this bankruptcy case "with prejudice." *See* Fed. R.Civ.P. 60(b)(6).[1]

The October 29, 1992, order which dismissed debtor's case for failure to timely distribute a chapter 13 plan and for failing to attend the scheduled section 341 meeting remains in effect, however, and the instant case will therefore remain dismissed.

A separate order will be entered.

---

1. Vacation of the court's January 13, 1993, order does not prejudice Adams' further pursuit of his quest. Debtor's sincerity is at least open to question since he allowed his second chapter 13 case to also be administratively dismissed. Under appropriate circumstances, multiple filings of bankruptcy cases without apparent purpose other than to delay creditors may be grounds for dismissal with prejudice. *See In re Doniff,* 133 B.R. 351 (Bankr.E.D.Va.1991).