**In re Ilene Ruth MOSES, Debtor.**

No. 94–CV–73837–DT.
Bankruptcy No. 89–05640–G.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 27, 1996.

Peter A. Jackson, Birmingham, MI, John M. Ketcham, Detroit, MI, Edward A. Khoury, Khoury & Kassab, Birmingham, MI, for Debtor/Appellant.

Contested Matters by FED.R.BANKR.P. 9014. This     Memorandum will be published.

David J. Vigna, Farmington Hills, MI, for Creditor/Cross-Appellant.

### OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDER OF DISMISSAL WITHOUT PREJUDICE

ROSEN, District Judge.

This matter is once again before this Court upon cross-appeals of the Bankruptcy Court's opinion and order dismissing this case without prejudice. On appeal, Debtor/Appellant Ilene Ruth Moses ("Debtor") contends that the Bankruptcy Court's decision to dismiss lacks the support of that Court's factual findings. For its part, Creditor/Cross–Appellant Michigan National Bank ("MNB") asserts that the Bankruptcy Court committed an abuse of discretion by failing to dismiss the case with prejudice. For the reasons set forth below, this Court hereby affirms the Bankruptcy Court's determination in all respects.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This matter began on August 1, 1989, when four of Debtor's creditors filed an Involuntary Petition under Chapter 7 of the Bankruptcy Code. Debtor subsequently consented to the administration of her assets under Chapter 11 of the Code. However, when Debtor failed to tender funds sufficient to cover her creditors' claims by the agreed-upon deadline of September 5, 1990, the Chapter 11 case was converted to a Chapter 7 proceeding. Approximately a year later, on September 6, 1991, MNB filed a motion seeking dismissal of this Chapter 7 proceeding without prejudice. MNB's motion to dismiss has remained the principal focus of this litigation from late 1991 to the present.

This being the fourth time this matter has come before this Court, the detailed facts and procedural background set forth in the Court's previous decisions need not be repeated here. See Michigan Nat'l Bank v. Moses (In re Moses), No. 92–CV–77123–DT, Opinion and Order Remanding Case to Bankruptcy Court (E.D.Mich. Aug. 11, 1993); In re Moses, 792 F.Supp. 529 (E.D.Mich. 1992); Moses v. Allard (In re Moses), 779 F.Supp. 857 (E.D.Mich.1991). Rather, the instant recitation of facts will simply resume where this Court's most recent decision left off.

Specifically, in its August 11, 1993, Opinion and Order remanding the case to the Bankruptcy Court, this Court held that the Bankruptcy Court had improperly dismissed the case with prejudice without providing Debtor with notice and a hearing as required under 11 U.S.C. § 707(a). In its November 16, 1992, order granting MNB's motion to dismiss, the Bankruptcy Court had first agreed with MNB's contention that Debtor's refusal to provide information constituted a suitable basis for dismissal. Next, and despite the fact that MNB had sought only dismissal without prejudice, the Bankruptcy Court had further determined that Debtor's continual unwillingness to provide information and her various "antics" constituted a willful attempt to "impede the process," and thus warranted dismissal with prejudice.

In vacating the Bankruptcy Court's November 16, 1992, order dismissing the case with prejudice, this Court explained that such an order could be entered only after Debtor was afforded notice and a hearing directed at the question whether Debtor's conduct represented bad faith delay that had resulted in prejudice to her creditors. This Court further observed that this case could be dismissed *without* prejudice without the need for further proceedings:

> The Bankruptcy Court need only grant such notice and conduct such a hearing if it desires to dismiss the action with prejudice. If, however, the court wishes to dismiss the action without prejudice, it need not provide notice or a hearing but need only enter such an order. This is so because a dismissal without prejudice is consistent with the granting of MNB's motion, and Debtor has received adequate notice and hearings on the issues raised in that motion.

(Aug. 11, 1993, Opinion and Order at 22 n. 4.)

Upon remand, the Bankruptcy Court conducted a hearing on February 1, 1994, in order to determine whether Debtor had acted in bad faith by refusing to disclose the information necessary for the Trustee to administer the estate. More specifically, the

Bankruptcy Court considered whether Debtor's most recent attempt to avoid disclosure—namely, her effort to secure a protective order barring disclosure of a post-petition employment contract that Debtor was negotiating with an unnamed party—amounted to bad faith delay that would justify dismissal with prejudice.

After considering the testimony offered and the arguments advanced at the February 1 hearing, as well as supplemental materials submitted by the parties, the Bankruptcy Court issued a decision on July 21, 1994, dismissing the case without prejudice. In his written opinion, Bankruptcy Judge Ray Reynolds Graves first reiterated his earlier conclusion that dismissal was appropriate in light of Debtor's failure to provide the information necessary to administer the estate.[1]

Turning next to the issue of bad faith delay, Judge Graves concluded that no such "indicia of bad faith" could be found in the record before the Bankruptcy Court. Judge Graves first noted his earlier determination, during the course of the February 1 hearing, that Debtor's refusal to disclose her post-petition employment contract had not in fact hindered the recovery of additional assets for the estate. In addition, Judge Graves found that Debtor had identified case law which arguably supported her claim that her employment contract was the proper subject of *in camera* review and a protective order. Finally, upon analyzing the procedural history of the case, Judge Graves found that much of the delay could not be attributed to Debtor's conduct.

Accordingly, having concluded that Debtor was not guilty of bad faith delay, the Bankruptcy Court ordered that the case be dismissed without prejudice. This appeal followed. Before this Court, Debtor argues that dismissal was improper in light of the

Bankruptcy Court's factual findings, while MNB argues that the dismissal should have been with prejudice rather than without.

## II. ANALYSIS

### A. The Standards Governing This Appeal

Bankruptcy Rule 8013 dictates that "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." However, as opposed to the "clearly erroneous" standard that governs this Court's review of the Bankruptcy Court's findings of fact, the Bankruptcy Court's legal conclusions are reviewed *de novo*. *Hardin v. Caldwell (In re Caldwell)*, 851 F.2d 852, 857 (6th Cir.1988).

More specifically, in this case, this Court is asked to review the Bankruptcy Court's decision to dismiss this case without prejudice pursuant to 11 U.S.C. § 707(a). Because such a decision is guided by equitable principles and rests primarily on findings of fact, it "will be reversed only for abuse of discretion." *Industrial Ins. Servs., Inc. v. Zick (In re Zick)*, 931 F.2d 1124, 1126 (6th Cir.1991).

### B. The Bankruptcy Court Properly Dismissed the Case for Failure to Provide Sufficient Information to Permit the Trustee to Administer the Estate.

On appeal, Debtor argues that the Bankruptcy Court erred in dismissing this case because of Debtor's failure to provide the information necessary to administer the estate at issue.[2] According to Debtor, a review of the record reveals that any information she initially refused to disclose was either ultimately provided or found not to be necessary to the administration of the estate.

---

1. Indeed, this first portion of the Bankruptcy Court's opinion repeats almost verbatim that Court's identical conclusion in its November 16, 1992, order of dismissal. Thus, the Bankruptcy Court's most recent decision does not appear to truly revisit the "insufficient information" ground for dismissal. Rather, it appears that the Bankruptcy Court viewed its principal task upon remand as determining whether dismissal should be with or without prejudice.

2. Debtor also contends that the Bankruptcy Court cited unreasonable delay as an alternate basis for dismissal. Although the Bankruptcy Court's opinion admittedly is not altogether clear on this point, this Court construes that Court's opinion as addressing the issue of delay only for the limited purpose of determining whether to dismiss the case with or without prejudice.

Thus, Debtor asserts that dismissal was not appropriate under the record before the Bankruptcy Court. As explained below, however, this Court finds that dismissal was entirely proper.

Debtor first argues that the Bankruptcy Court's most recent order of dismissal is insufficiently supported by explicit findings of fact. This Court cannot agree. As this Court expressly noted in its August 11, 1993, Opinion and Order, the Bankruptcy Court need not have held an additional hearing or made any additional factual findings before deciding to dismiss the case without prejudice. Rather, this Court's Opinion and Order specifically authorized the Bankruptcy Court to do precisely what that Court evidently chose to do: dismiss this case without prejudice based on its *earlier* determination that Debtor had indeed failed to provide necessary information. The Bankruptcy Court's most recent opinion, albeit not a model of clarity on this point, explains this chosen course of action sufficiently clearly. Thus, this Court rejects Debtor's suggestion that the Bankruptcy Court's most recent opinion is flawed by virtue of its failure to set forth renewed findings of fact that support dismissal.

Debtor next asserts that the Bankruptcy Court's decision is fatally undermined by an additional factual finding that the Bankruptcy Court actually *did* make during its most recent proceedings. In particular, Debtor points out that, during the course of the February 1, 1994, hearing, the Bankruptcy Court determined that the information pertaining to Debtor's employment contract was not relevant to the administration of the estate. According to Debtor, this most recent factual finding demonstrates that Debtor has not failed to provide necessary information.

This Court, however, declines to view this *single* finding that a *particular* item of information has proven to be unnecessary as completely vitiating the Bankruptcy Court's *numerous* contrary findings that Debtor persistently failed to provide information when asked to do so. As set forth in detail in the Bankruptcy Court's November 16, 1992, order, and as briefly reiterated in that Court's most recent opinion,[3] Debtor responded to several requests for information by asserting various reasons why such information could not be provided. Although certain of these reasons were found to have legal validity, and although some of the requested information was "ultimately" provided, such "ultimate" discoveries and disclosures do not in any way ease the Trustee's task of administering an estate without sufficient and timely information. Rather, as this Court has already explained in this very case, dismissal is appropriate where the lack of necessary information "preclude[s] a fair and effective administration of the estate," regardless of whether the failure to disclose such information is legally justified. *Moses,* 792 F.Supp. at 538. After affording Debtor numerous opportunities to fully comply with discovery requests, and after repeatedly advising Debtor that dismissal could result from further failures to provide information, the Bankruptcy Court ultimately concluded that dismissal was indeed warranted.

Upon deferential review of the factual findings upon which this determination rested, this Court finds no error. From the outset of this case, the creditors and the Trustee have attempted to obtain from Debtor the information necessary to identify and recover the so-called "Jolland receivables" that allegedly are owed to Jolland Limited, a foreign corporation in which Debtor claims to hold a substantial interest.[4] However, each of the

---

**3.** Although the Bankruptcy Court's 1992 order of dismissal was subsequently vacated in this Court's August 11, 1993, Opinion and Order, its factual findings need not be disregarded. Rather, these findings were sufficiently revitalized by the Bankruptcy Court's reference to them in its most recent opinion. As noted earlier, it appears that the Bankruptcy Court's most recent opinion did not make detailed findings on the question of insufficient information because of that Court's understanding that its inquiry on remand was primarily limited to the question of bad faith delay. In any event, nothing in the Bankruptcy Court's most recent opinion suggests that Judge Graves was inclined to revisit his earlier factual findings on the question of insufficient information.

**4.** In the schedules Debtor filed during the Chapter 11 phase of this matter, she valued her interest in Jolland at more than $89,000,000. This valuation apparently was based on the outstand-

three prior appeals of this case to this Court has involved, at least to some extent, yet another refusal by Debtor to provide information thought to be necessary to recover the Jolland receivables. Because these assets evidently form such a substantial part of the estate, and because Debtor has consistently failed to provide timely information regarding these assets, this Court readily agrees with the Bankruptcy Court's conclusion that the lack of necessary information has precluded fair and effective administration of the estate. Accordingly, dismissal is proper.

### C. The Bankruptcy Court Did Not Abuse Its Discretion in Dismissing This Case Without Prejudice.

In its cross-appeal, MNB argues that the Bankruptcy Court erred in determining that this case should be dismissed without prejudice rather than with prejudice. Although acknowledging that the Bankruptcy Court's decision is subject to reversal only if that Court abused its discretion, MNB points to two purported examples of such an abuse of discretion. This Court, however, finds both of these examples unavailing.

■■■ As explained in this Court's August 11, 1993, Opinion and Order, dismissal with prejudice is appropriate only if the Bankruptcy Court determines, after notice and a hearing, both that Debtor acted in bad faith and that the creditors were prejudiced by this bad-faith conduct. *See also Industrial Ins. Servs., Inc. v. Zick (In re Zick)*, 931 F.2d 1124, 1126–27 (6th Cir.1991). This bad-faith inquiry necessarily is fact-specific, and must be based on the totality of the circumstances presented in a particular case. *See Zick*, 931 F.2d at 1127–29; *see also Hardin v. Caldwell (In re Caldwell)*, 851 F.2d 852, 858–60 (6th Cir.1988). In this case, the Bankruptcy Court concluded that Debtor had advanced colorable legal justifications for her various refusals to provide information, and

that the various delays in this case were not principally attributable to Debtor's actions.

MNB first contends that the Bankruptcy Court's bad-faith inquiry improperly focused exclusively on Debtor's most recent refusal to divulge information concerning a post-petition employment contract, rather than considering the totality of the circumstances. This Court disagrees, for two reasons. First, as noted above, the Bankruptcy Court's finding of a lack of bad faith was not based *solely* on Debtor's most recent actions. Rather, the Bankruptcy Court also considered Debtor's prior conduct, such as her assertion of her Fifth Amendment privilege. In addition, after extensively analyzing the various phases of this litigation, the Bankruptcy Court was "unable to find unreasonable delay attributable to the debtor." Thus, it is simply not true that the Bankruptcy Court unduly emphasized only the most recent developments in conducting its bad-faith inquiry.

Next, to the extent that the Bankruptcy Court did focus on Debtor's recent refusal to disclose her post-petition employment contract, this Court finds that the Bankruptcy Court's inquiry was proper. In order to avoid punishing Debtor for the proper assertion of her apparent legal rights, it plainly is relevant to the bad-faith inquiry to consider whether Debtor had asserted a colorable legal basis for her attempt to withhold information.[5] Moreover, because the Bankruptcy Court's prior order of dismissal with prejudice rested heavily on Debtor's most recent refusal to disclose information, it seems reasonable that the Bankruptcy Court would focus primarily on this latest refusal upon remand. Indeed, this Court's August 11, 1993, Opinion and Order contemplated as much, remanding "for the narrow purpose of conducting a hearing and making findings of fact about whether Debtor's request for a protective order [regarding the employment contract] constituted delay and, if so, whether dismissal should be with prejudice." Thus, this Court concludes that the Bank-

ing accounts receivable owed to Jolland by an international clothing cartel.

**5.** This Court need not decide whether Debtor's asserted basis for refusing to disclose her employment contract truly was legally viable.

Rather, for purposes of this Court's review of the Bankruptcy Court's bad-faith inquiry, it is enough that the Bankruptcy Court concluded that Debtor had asserted a colorable legal claim.

ruptcy Court's bad-faith inquiry was sufficiently searching.

MNB next contends that the Bankruptcy Court applied the wrong standard in deciding whether Debtor's conduct exhibited bad faith. Specifically, MNB notes that the Bankruptcy Court spoke of a "heavy burden of proof," and required MNB to provide "the clearest proof of a level of bad faith" in order to justify a dismissal with prejudice. In light of the Supreme Court's determination that a "preponderance of the evidence" standard governs exemptions from discharge, *see Grogan v. Garner,* 498 U.S. 279, 286–87, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991), MNB contends that a preponderance standard likewise should have governed the Bankruptcy Court's bad-faith determination in this case. *See In re Braithwaite,* 192 B.R. 882, 884 (Bankr.N.D.Ohio 1996) (applying a preponderance standard to a motion to dismiss); *Fahey Banking Co. v. Parsell (In re Parsell),* 172 B.R. 226, 230 (Bankr.N.D.Ohio 1994) (same).

 This Court need not decide which standard governs motions to dismiss under 11 U.S.C. § 707(a). Rather, the Court finds that the Bankruptcy Court's determination can be sustained under either standard. That Court was unable to identify any indicia of bad-faith conduct by Debtor; instead, in each instance of purported bad-faith conduct, Debtor was able to advance a colorable legal justification for her actions. In addition, the Bankruptcy Court found that no unreasonable delay in this litigation could be attributed to Debtor. Finally, as the Bankruptcy Court noted, this case involves no conduct tantamount to the contempt-of-court that typically is found in cases which are dismissed with prejudice.

■ As the Sixth Circuit has explained, dismissal for lack of good faith "should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence." *Zick,* 931 F.2d at 1129. The Bankruptcy Court found that this is not such

an egregious case as to warrant dismissal with prejudice. This Court cannot conclude that this determination represented an abuse of discretion.

### III. *CONCLUSION*

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Bankruptcy Court's July 21, 1994, Opinion Dismissing Case Without Prejudice be AFFIRMED in all respects.