**In re Kimberly Suzanne WEAVER, Debtor.**

**Bankruptcy No. 98–31560–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

April 16, 1998.

---

522

Charles H. Krumbein, Krumbein & Associates, Richmond, VA, for debtor.

Sherman B. Lubman, Richmond, VA, Chapter 7 Trustee.

Robert E. Hyman, Richmond, VA, Chapter 13 Trustee.

### *MEMORANDUM OPINION*

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

By order entered March 6, 1998, the court dismissed this chapter 7 case with prejudice and ordered the debtor precluded from filing another bankruptcy case for a period of 12 months. The debtor was also ordered to appear at a hearing on March 31, 1998, and show cause why she should not be sanctioned for filing the new petition in violation of two previous dismissal orders. Further, the court retained jurisdiction of the case to consider imposition of additional conditions of dismissal pursuant to 11 U.S.C. §§ 349(a) and 105(a).

Debtor failed to appear at the scheduled show cause hearing and has not otherwise responded to the court's order of March 6, 1998.

#### *Dismissal With Prejudice*

Bankruptcy Code § 349(a) provides as follows:

§ 349. Effect of dismissal

(a) *Unless the court, for cause, orders otherwise,* the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title. (emphasis supplied)

Our court of appeals has recognized that the underscored language in § 349(a) gives a bankruptcy judge discretion to "order otherwise" for cause and to dismiss a petition with prejudice; this discretion may be exercised either to prohibit the filing of a petition within a set time, or it may preclude the debtor from receiving a discharge in bankruptcy of debts in existence when the case is dismissed. *Colonial Auto Center v. Tomlin (In re Tomlin)*, 105 F.3d 933, 937 (4th Cir. 1997). *See also Leavitt v. Soto (In re Leavitt)*, 209 B.R. 935 (9th Cir. BAP 1997); *In re*

*Cooper,* 146 B.R. 843 (Bankr.D.Colo.1992); *In re Martin–Trigona,* 35 B.R. 596 (Bankr. S.D.N.Y.1983); 11 U.S.C. § 105(a).[1]

According to the Fourth Circuit in *Tomlin,* the barring of a debtor's discharge under § 349(a) is the "capital punishment of bankruptcy," "a severe sanction warranted only by egregious conduct." 105 F.3d at 937.

### Facts And Procedural History

The debtor's bankruptcy petition filing history is as follows:

| Date Filed | Case No. | Disposition |
| --- | --- | --- |
| December 2, 1994 | 94–34306 | Dismissed 11–28–95, failure to make plan payments |
| May 2, 1996 | 96–32736 | Dismissed 10–24–96, failure to make plan payments |
| November 1, 1996 | 96–36104 | Dismissed *with prejudice* (180 day filing period) 4–23–97, failure to file modified plan |
| October 20, 1997 | 97–37349 | Dismissed *with prejudice* (12 month filing period) 1–30–98, failure to attend § 341 meeting and commence plan payments, serial filings |
| December 16, 1997 | 97–38726 | Dismissed *with prejudice* (12 month filing period) 1–29–98, based upon serial filings |
| March 5, 1998 | 98–31560 | Dismissed *with prejudice* (12 month filing period) 3–6–98. |

All petitions were filed under chapter 13 except the present case. In addition to debtor's petitions, her husband filed a chapter 13 case on June 3, 1997, later converted to a chapter 7 case. In essence, all of these cases were filed in the face of scheduled foreclosures by Branch Banking & Trust Co., holder of the deed of trust on debtor's residence.

The debtor's fifth chapter 13 petition filed on December 16, 1997, was filed while her fourth case was still pending and after the chapter 13 trustee had moved to dismiss that case with prejudice. The fourth and fifth

cases were both dismissed with prejudice to refiling for 12 months.[2] Yet just over one month later debtor filed this case, her sixth bankruptcy.

■ According to a motion to dismiss this case filed by debtor's present bankruptcy counsel after he learned of the debtor's filing history, debtor told the attorney that a previous chapter 13 case had been dismissed, but she did not disclose the dismissal was with prejudice. Counsel also represented that the present case was filed on an emergency basis to stop a scheduled foreclosure against debtor's residence by Branch Banking & Trust Co.[3]

### Conclusions Of Law

Along with the increase in bankruptcy case filings in the past few years has come an increase in abusive filings by debtors. This includes serial bankruptcy filings by debtors who seek primarily to delay secured creditors' foreclosure attempts. Many of these filings are chapter 13 cases in which the debtors have little desire or ability to sustain a plan with the result that their cases are promptly dismissed. However, the secured creditor attempting to foreclose is soon confronted with a new bankruptcy petition.

■ The court cannot tolerate such abusive practices. While many of these cases are filed by debtors *pro se,* many are also filed by debtors with counsel. Debtors' attorneys need to be mindful of the potential for abuse and make appropriate inquiry and necessary investigation to avoid becoming a participant in an abusive filing. *See County of Chesterfield v. Tamojira, Inc. (In re Tamojira, Inc.),* 197 B.R. 815, 819 (Bankr. E.D.Va.1995).

1. The bankruptcy court's discretion under § 349(a) to bar a debtor's bankruptcy filing within a set time is not limited to the 180 day period of Code § 109(g). *See* Judge Adams' opinion in *In re Robertson,* 206 B.R. 826, 830–831 (Bankr. E.D.Va.1996).

2. In dismissing these cases with prejudice the court also considered debtor's husband's bankruptcy filing as part of debtor's serial filings. Thus, where married debtors file alternate individual bankruptcy petitions in these types of circumstances, the court may take each of the fil-

ings into account in ruling on a debtor's bad faith. *See Owings v. Doniff (In re Doniff),* 133 B.R. 351 (Bankr.E.D.Va.1991).

3. In debtor's third filed chapter 13 case (No. 97–37349), a motion for relief from stay filed on behalf of Branch Banking & Trust Co. contained an allegation that the bank had obtained relief from stay in each of the previous cases filed by debtor and her husband's chapter 7 case. At preliminary hearing on that motion debtor did not oppose relief from stay which was granted.

524

·The instant case is a prime example of the serial filing syndrome, and the debtor's conduct in filing the case constituted a flagrant abuse of the bankruptcy process. Although the court's dismissal order of March 6, 1998, prohibited debtor from filing a bankruptcy petition for 12 months, additional sanctions are necessary here. Therefore, the court finds, pursuant to Bankruptcy Code §§ 349(a) and 105(a), that debtor's egregious conduct warrants a permanent denial of a discharge in bankruptcy of her indebtedness to Branch Banking & Trust Co. In addition, any future bankruptcy filing by the debtor will not impose an automatic stay under Code § 362(a) as to the Branch Banking & Trust Co. debt.