**In the Matter of William
L. HALL, Debtor.**

No. 99–40867.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division at Lafayette.

Jan. 29, 2001.

910

David Kleiman, Jon B. Abels, Indianapolis, IN, for Debtor.

J. Joseph Bainton, New York City, John Burns, Fort Wayne, IN, for Welbilt.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

William Hall ("Debtor") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on August 25, 1999. The case was subsequently dismissed, at his request, on February 1, 2000. Because Welbilt Corporation ("Welbilt") had filed a motion for relief from stay prior to the debtor's voluntary dismissal, the debtor was rendered ineligible for relief under any chapter of the Bankruptcy Code for 180 days. See, 11 U.S.C. § 109(g)(2). Not satisfied with this limitation, Welbilt seeks a pound of flesh. Pursuant to § 349(a), it asks the court to order the dismissal to be with prejudice, to enjoin the debtor from filing any bankruptcy petition for one year, and also the reimbursement of the costs, expenses, and attorney fees Welbilt incurred during the bankruptcy. The question of whether any or all of these sanctions is appropriate is before the court for a decision following a trial of those issues.

Pursuant to § 349(a) of the United States Bankruptcy Code, the court may, in the exercise of its discretion and for cause, dismiss a bankruptcy case with prejudice. 11 U.S.C. § 349(a); In re Frieouf, 938 F.2d 1099, 1103 (10th Cir. 1991). Although the term is often used somewhat loosely to refer to any type of limitation upon the opportunity for future bankruptcy relief, the true dismissal of a case "with prejudice" will forever bar the subsequent discharge of all the debtor's prefiling obligations to creditors. Frieouf, 938 F.2d at 1103. Consequently, it is tantamount to the total denial of discharge. In re Smith, 133 B.R. 467, 470 (Bankr. N.D.Ind.1991). Because of this, dismissal with prejudice is universally recognized as an extraordinary sanction. See, In re Merrill, 192 B.R. 245, 253 (Bankr.D.Colo.1995)(describing it as the "capital punishment of bankruptcy"); In re Javarone, 181 B.R. 151, 155 (Bankr.N.D.N.Y.1995)(describing dismissal with prejudice as "draconian relief"). As the party asserting that this sanction is appropriate, Welbilt bears the burden of proving that it is. In re Moses, 171 B.R.

789, 798 (Bankr.E.D.Mich.1994), *aff'd,* 227 B.R. 98 (E.D.Mich.1996).

■ There are no specific statutory criteria which guide the exercise of the court's discretion in determining whether a dismissal should be with prejudice. As a result, the courts have traditionally examined a multitude of factors associated with the filing and prosecution of the case to determine whether sufficient cause exists to dismiss a case with prejudice. In general, however, dismissal with prejudice is viewed as an appropriate response to a debtor's egregious misconduct, contumacious actions, or abuse of the bankruptcy process. *See, e.g., In re Leavitt,* 209 B.R. 935, 939 (9th Cir. BAP 1997), *aff'd,* 171 F.3d 1219 (9th Cir.1999); *In re Covino,* 245 B.R. 162, 170 (Bankr.D.Idaho 2000); *In re Weaver,* 222 B.R. 521, 523 (Bankr. E.D.Va.1998); *In re Ladd,* 82 B.R. 476, 477 (Bankr.N.D.Ind.1988). Relying upon the factors set forth in *In re Grieshop,* 63 B.R. 657 (N.D.Ind.1986), Welbilt argues that the debtor's case was filed in bad faith. It then contends that, because bad faith constitutes a sufficient basis for dismissal with prejudice, dismissal with prejudice is appropriate here. The court disagrees.

■ The court readily accepts the proposition that bad faith can justify dismissal with prejudice. Nonetheless, Welbilt's argument fails to appreciate the reality that "bad faith" is a term which is used to describe a broad range of improper conduct, only some of which is sufficient to support the extreme sanction of dismissal with prejudice. There is the bad faith which can be associated with a lack of good faith or other misconduct to which we do not want to lend approbation, and then there is the *BAAAD FAAAITH* which is synonymous with egregious misconduct, contemptuousness, malfeasance, or systemic abuse. *Grieshop* itself recognizes this distinction. *See, Grieshop,* 63 B.R. at 663 (lack of good faith (i.e. bad faith) can not be summarily equated with malfeasance and abuse). Thus, the term "bad faith" actually represents a continuum of impropriety, which at one end may support the simple dismissal of a case and at the other end justify dismissal with the most extreme sanctions imaginable. Somewhere in between these two extremes, the court's response to a debtor's actions moves from being without prejudice, to some type of mild prejudice, with sanctions becoming progressively more severe as a debtor's actions become more egregious. *See, e.g., In re McNichols,* 254 B.R. 422 (Bankr.N.D.Ill.2000) (case dismissed pursuant to § 349(a) with prejudice to refiling within 1 year); *In re Weaver,* 222 B.R. 521 (Bankr.E.D.Va.1998)(dismissal with prejudice to debtor's ability to obtain discharge of a particular creditor's debt); *In re Leavitt,* 209 B.R. 935 (9th Cir. BAP 1997)(affirming bankruptcy court order forever enjoining debtor from receiving discharge on all pre-petition debts under 349(a)), *aff'd,* 171 F.3d 1219 (9th Cir.1999).

■ The possible existence of such a continuum has been lost upon Welbilt. It has naively seized upon the concept that a case may be dismissed with prejudice because of the debtor's bad faith, and then essentially advanced the argument that all bad faith justifies dismissal with prejudice. This is error. Although a case may be dismissed with prejudice because of bad faith, not all bad faith justifies doing so. Instead, the case law reveals a decided reluctance to dismiss a case with the type of prejudice Welbilt seeks in all but the most extreme examples of debtor misconduct and abuse. Indeed, in *Grieshop,* the decision upon which Welbilt relies for its bad faith argument, the issue of dismissal with prejudice was not even before the court. The creditor merely sought either relief from the automatic stay or the simple dismissal of the case. It never argued for anything remotely similar to the extreme sanctions Welbilt asks the court to impose upon this debtor. Therefore, to the extent Welbilt relies upon the *Grieshop* factors to demonstrate the type of bad

faith which supports dismissal with prejudice, its reliance is misplaced.

Dismissal with prejudice under § 349(a) is not meant to be a remedy for every instance of debtor misconduct. Instead, its use is more properly limited to situations where a debtor's actions constitute egregious misconduct, directly related to the bankruptcy case, which prejudices creditors or undermines the integrity of the bankruptcy system. *See, In re Tomlin,* 105 F.3d 933, 937 (4th Cir.1997). Welbilt has failed to prove that Debtor's conduct rises to this level. In fact, the court has not even been persuaded that Debtor's case was associated with sufficient bad faith to justify dismissal, much less a dismissal with the extreme consequences Welbilt asks the court to impose.

Because Welbilt has failed to carry its burden of proving that the debtor engaged in sufficiently egregious misconduct to warrant dismissal with prejudice, the court will not unduly lengthen this opinion with a tedious recitation of all of the things about which Welbilt complains. The court does, however, feel that it is appropriate to address some of Welbilt's seemingly more significant charges and to explain why the court finds that they fail to establish sufficient cause to dismiss the debtor's case with prejudice.

Welbilt argues that the debtor's prepetition conduct was improper. (Post Trial Brief of Welbilt at 11–12.) It points out that Debtor lied to FINOVA, his largest secured creditor, in connection with obtaining the financing he needed to purchase the stock of Consolidated Industries. Although improper, this type of misconduct is unique to FINOVA and does not undermine the rights of the general creditor body. Congress has recognized that this is a significant distinction. Through § 523(a)(2) it has decreed that false pretenses, false representations or actual fraud will render the obligation to a defrauded creditor nondischargeable. *See,* 11 U.S.C. § 523(a)(2). It has not chosen to make this type of creditor specific misconduct a reason for the wholesale denial of discharge. *See,* 11 U.S.C. § 727(a). The court is not inclined to use misconduct which Congress has concluded would not directly support the denial of discharge as a basis for doing so indirectly, through the auspices of a dismissal with prejudice. This is especially so when the rights Welbilt is relying upon belong to someone else. While Debtor's misconduct might give FI-NOVA something to complain about, Welbilt should not be permitted to rely upon those rights to obtain relief for itself.

"More egregiously," Welbilt also contends that "Hall knowingly and intentionally stole the court's file regarding a previous bankruptcy from the federal court in Indianapolis." (Post Trial Brief of Welbilt at 11.) At trial, Welbilt failed to prove this assertion to the court's satisfaction. Beyond this, however, it would seem that Welbilt is complaining to the wrong authority concerning the alleged theft of government records. Other branches of the government are specifically entrusted with the authority and the responsibility to enforce the nation's criminal laws, and Welbilt's complaints should be directed to them.

Welbilt also complains that Hall is guilty of misconduct in securities litigation between them pending in the United States District Court for the Northern District of Indiana. Assuming this to be true, it is hardly relevant. The court fails to see how such misconduct could undermine the systemic integrity of the bankruptcy court, the bankruptcy process, or the rights of Debtor's creditors. If there is any basis for sanctioning or punishing the debtor as a result of his litigation with Welbilt before the District Court, this court is highly confident that the District Court has ample authority to respond appropriately. Welbilt should address its complaint to that tribunal.

Welbilt also points to the fact that Hall lied in a deposition concerning

whether he had previously filed a bankruptcy case. Perjury, whether in an affidavit, testimony in court, or in a deposition, is one type of misconduct that threatens to undermine the bankruptcy process and may support a dismissal with prejudice. Indeed, Congress has specifically declared that a debtor's knowing and fraudulent false oath is cause to deny a discharge. *See,* 11 U.S.C. § 727(a)(4)(a). Not every false oath is sufficient to do so however. The false oath must also be material. *See, In re Senese,* 245 B.R. 565, 574 (Bankr.N.D.Ill.2000); *In re Kearns,* 149 B.R. 189, 192 (Bankr.D.Kan.1992). To be material the testimony must relate to such things as the debtor's estate, assets, liabilities and financial affairs, the disposition of property, or debtor's entitlement to discharge. *Senese,* 245 B.R. at 574. In this case, although the debtor falsely testified concerning his prior bankruptcy, his false testimony was not material because, had he testified truthfully, it would not have made any difference to the outcome of the proceeding or to the parties' rights.

If a debtor has received a discharge in a prior bankruptcy case, that fact may affect its ability to receive a discharge in a subsequent case. Pursuant to § 727(a)(8), a debtor may not receive a discharge if it has received one in a case commenced within six years before the date of its present petition. It is the requirement of a six year delay between the dates of the two petitions that leads the court to conclude that Hall's false testimony concerning his prior bankruptcy was not material. His prior case was filed on September 5, 1990. Since Debtor's prior case was commenced more than six years before the date of the present petition, it could have no bearing on his opportunity to obtain a discharge in this case. Consequently, Debtor's false testimony was not material and would not support a denial of a discharge under § 727(a)(4). Since the debtor's false testimony concerning his prior bankruptcy case would not be sufficient to deny his discharge if that issue were di-

rectly before the court, the court does not feel that it constitutes sufficient cause to do so indirectly, by dismissing this case with prejudice.

Welbilt has failed to persuade the court that the filing and prosecution of this case was associated with sufficiently egregious misconduct, contumacious action, or abuse of either the bankruptcy process or the bankruptcy court system that the court should order the dismissal of this case to be with prejudice. Welbilt's motion to do so will therefore be DENIED. An order doing so will be entered.