In re Russell Lee EBERSOLE, Debtor.

Russell Lee Ebersole, Plaintiff

v.

Karen L. Ebersole, Defendant.

Bankruptcy No. 09–51561.
Adversary No. 10–05079.

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

March 7, 2011.

Spencer D. Ault, Stone Manor Associates, Lovettsville, VA, for Debtor.

Herbert L. Beskin, Charlottesville, VA, Trustee.

**DECISION AND ORDER**

ROSS W. KRUMM, Bankruptcy Judge.

A hearing was held on March 2, 2011, to consider the Defendant's Motion to Dismiss Adversary Proceeding (hereafter the "Motion to Dismiss") and the Plaintiff's Answer to the Motion to Dismiss. In addition, the Court considered the Plaintiff's Motion to Continue Hearing on Defendant's Motion to Dismiss, or in the Alternative, Motion to Voluntarily Dismiss Without Prejudice (hereafter the "Motion to Continue"). After considering the arguments and pleadings of the parties the Court makes the following findings of fact and conclusions of law.

*Facts*

On December 17, 2010, the Plaintiff filed his Complaint. On February 17, 2011, the Defendant filed her Motion to Dismiss. In her Motion to Dismiss, the Defendant asserts that the Plaintiff filed a complaint in the Circuit Court for Washington County, Maryland (hereafter the "State Court Complaint"). The Defendant asserts that the Circuit Court for Washington County, Maryland issued a ruling dismissing the Plaintiff's State Court Complaint as being without substantial justification and in bad faith (hereafter the "State Court Ruling"). The Defendant seeks dismissal of the Complaint with prejudice on the basis that because the State Court Complaint and this Complaint are nearly identical, the Complaint is subject to the doctrine of res judicata. Thus, the Defendant asserts that the State Court Ruling that the State Court Complaint is without justification and was filed in bad faith should be applied to the Complaint currently before the Court.

On March 3, 2011, the Plaintiff filed a Motion to Continue in which he requested either that the hearing on the Motion to Dismiss be continued to a later date or that the above-captioned adversary proceeding be dismissed without prejudice.

*Discussion*

Given that both the Plaintiff and the Defendant seek dismissal of the case the sole issue before the Court is whether the dismissal should be with or without prejudice to the Plaintiff. For the following reasons, the Court denies the Defendant's Motion to Dismiss and grants the Plaintiff's request for voluntary dismissal without prejudice.

*A. Dismissal With Prejudice*

 *In re Hall,* 258 B.R. 908 (Bankr. N.D.Ind.2001) provides a clear and concise statement of the law surrounding the dis-

missal of actions with prejudice. *Hall* holds that dismissal with prejudice constitutes "an extraordinary sanction." *Id.* at 911. In applying this extraordinary sanction *Hall* states that

> There are no specific statutory criteria which guide the exercise of the court's discretion in determining whether a dismissal should be with prejudice. As a result, the courts have traditionally examined a multitude of factors associated with the filing and prosecution of the case to determine whether sufficient cause exists to dismiss a case with prejudice. In general, however, dismissal with prejudice is viewed as an appropriate response to a debtor's egregious misconduct, contumacious actions, or abuse of the bankruptcy process.

*Id.* The party asserting that dismissal with prejudice is appropriate bears the burden of proof. *Id.*

■ As the party seeking dismissal with prejudice, the Defendant must demonstrate that the Plaintiff's filing of the Complaint represents "egregious misconduct, contumacious actions, or abuse of the bankruptcy process."

In support of her request the Defendant points to the State Court Ruling and asserts that because that case was dismissed as without sufficient and as having been filed in bad faith, the doctrine of res judicata mandates that this case must be dismissed with prejudice as having been filed in bad faith.

Assuming, without deciding, that the Defendant is correct that the doctrine of res judicata applies to the state court ruling, the Court finds that the Defendant fails to demonstrate where the bad faith found in the state court ruling falls along what *Hall* labels the "continuum of impro-

priety" for purposes of determining whether dismissal with prejudice is warranted.[1] In describing the "continuum of impropriety" *Hall* holds that "[t]he court readily accepts the proposition that bad faith can justify dismissal with prejudice. Nonetheless ... 'bad faith' is a term which is used to describe a broad range of improper conduct, only some of which is sufficient to support the extreme sanction of dismissal with prejudice." *Id.* at 911. In this case, as in *Hall*, the Defendant did not establish the nature of the bad faith at issue in the State Court Ruling and thus, fails to show that the bad faith found in the State Court Ruling is of the kind that would support the extreme sanction of dismissal with prejudice. Accordingly, the Court finds that the Defendant fails to meet its burden with regard to dismissal with prejudice and thus, the Motion to Dismiss is denied.

### B. Voluntary Dismissal

■ Since the Motion to Dismiss is denied, the Court is left to determine whether to grant the Plaintiff's request for voluntary dismissal under Fed.R.Civ.P. 41. Under Fed.R.Civ.P. 41(a)(2), a court may grant the plaintiff's motion to dismiss so long as no counterclaim has been filed before the plaintiff's request for dismissal was served on the defendant. In this case, the Defendant has not filed a counterclaim. Thus, the Court finds no impediment to granting the Plaintiff's request to voluntarily dismiss the above-captioned adversary proceeding. As stated in Fed. R.Civ.P. 41(a)(2), the dismissal shall be without prejudice to the Plaintiff. Accordingly, it is

### ORDERED

That the Defendant's Motion to Dismiss Adversary Proceeding is hereby **DENIED.** It is,

---

1. Whether the Defendant's assertion that the state court judgment is entitled to res judicata is not within the scope of this Order. The Court makes no findings of fact or conclusions of law regarding that issue.

**FURTHER ORDERED**

That the Plaintiff's Motion to Continue Hearing on Defendant's Motion to dismiss, or in the Alternative, Motion to Voluntarily Dismiss Without Prejudice is hereby **GRANTED.** It is,

**FURTHER ORDERED**

That the above-captioned adversary proceeding, Adversary Proceeding No. 10–05079, is hereby **DISMISSED** without prejudice.