**In re Richard Charles TOLBERT, Debtor.**

No. 00–44051.

United States Bankruptcy Court, W.D. Missouri.

Jan. 31, 2001.

Richard Fink, Kansas City, MO, for Movant.

Richard C. Tolbert, pro se.

### MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

This matter came before the Court on the motion of the Chapter 13 trustee for sanctions, the motion of the debtor to dismiss, and this Court's Order to Show Cause why sanctions should not be imposed upon the debtor. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that debtor Richard Charles Tolbert (Tolbert) should be enjoined from filing any bankruptcy case for a period of three years from the date of the accompanying Order, without first obtaining prior approval of this Court.

### FACTUAL BACKGROUND

A brief history is in order. Tolbert owns various parcels of real estate in Jackson County, Missouri. In recent years the City of Kansas City, Missouri has taken steps to condemn a number of these properties. In addition, Jackson County, Missouri has sought to foreclose on a number of the properties for nonpayment of real estate taxes. Since 1997, Tolbert has filed eight Chapter 13 bankruptcy petitions in an attempt to stop these actions, as well as the actions of other creditors. The previous seven cases were dismissed either on Tolbert's motion, or on the motion of the Chapter 13 trustee, before Tolbert filed bankruptcy schedules or a proposed plan. In addition, an entity totally controlled by Tolbert filed a Chapter 11 bankruptcy petition. The Chapter 11 case was still pending at the time Tolbert filed the eighth Chapter 13 case, which is the one presently before this Court. After the seventh Chapter 13, this Court lifted the automatic stay as to a parcel of real estate and enjoined Tolbert from filing another case for 180 days. It was during this injunction that he filed the Chapter 11

case on behalf of the All Denominational New Church. And, on October 31, 2000, at the end of 180 days, Tolbert filed this Chapter 13 petition. In the pending case, Tolbert failed to file a proposed plan and plan summary at the time of filing, or within 15 days, as required by Rule 3015(b) of the Federal Rules of Bankruptcy Procedure (the Rules). The Chapter 13 trustee, therefore, filed a motion for sanctions including, but not limited to, a finding that Tolbert is in civil contempt for failure to comply with the Rules and an assessment of a monetary award. Following the trustee's motion for sanctions, Tolbert filed a motion to dismiss the Chapter 13 case. On January 5, 2001, this Court held a hearing on both motions.

## DISCUSSION

■ Rule 9020(a) of the Rules provides that a bankruptcy judge may hold a debtor in civil contempt, and assess appropriate sanctions, after a hearing following written notice informing the debtor of the nature of the contempt and the sanctions being sought:

> (b) OTHER CONTEMPT. Contempt committed in a case or proceeding pending before a bankruptcy judge ... may be determined by the bankruptcy judge only after a hearing on notice. The notice shall be in writing, shall state the essential facts constituting the contempt charged and describe the contempt as criminal or civil and shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense.[1]

I have already found that Tolbert has made a habit of filing Chapter 13 bankruptcy cases when, by his own admission, he had no reasonable prospect of reorganizing his debts. Typically, he has filed the cases to stop a foreclosure or to prevent the demolition of condemned assets. As soon as the imminent threat to his assets is over, he allows the case to be dismissed without filing schedules or a plan. In this case, he did file schedules, being specifically ordered by this Court to do so,[2] but stated at the hearing on January 5, 2001, that, given his financial circumstances, he could not propose a plan, and that he, therefore, wished to dismiss the case.

I announced at that hearing that I would not rule on either the Chapter 13 trustee's motion for sanctions, or Tolbert's motion to dismiss at that time. Instead, I ordered Tolbert to Show Cause on or before January 26, 2001, why this Court should not do one of the following:

(1) Dismiss the Chapter 13 case;

(2) Dismiss this Chapter 13 case, and, by way of sanction for the bad faith filing of this case, enjoin Tolbert, or any entity controlled by Tolbert, from filing a bankruptcy petition for three years; or

(3) Convert this case to Chapter 7, and appoint a trustee to administer what, if any, assets are owned by Tolbert.

The Court then scheduled a hearing on the Order to Show Cause for January 29, 2001, in the event Tolbert filed a timely response. Tolbert filed a timely response to the Order to Show Cause in the form of a Motion for Continuance, which this Court denied. He then filed a response. At the hearing, Tolbert appeared *pro se.* He argued that he did not act in bad faith, that he only filed each of the eight cases to protect assets, and that as soon as he lost the assets he was trying to protect, he moved to dismiss the case. He stated that he was justified in filing each case, and that he did not abuse the bankruptcy process by dismissing the case when his circumstances changed. He asked that the Court not deny him the right to file other bankruptcy cases, as no one has been harmed by his actions.

■ As announced at the hearing, I find that Tolbert has caused harm to the

---

**1.** Fed. R. Bankr.P. 9020(b).

**2.** Doc. # 4.

bankruptcy system itself. He has filed all of the cases as a quick-file, without schedules or a plan. He does not now have, nor has he had in the past, sufficient income to confirm a plan. By his own admission he is able-bodied and able to work. He is also very intelligent, yet he does not have a job or a regular source of income. He has never confirmed a plan, despite seven prior Chapter 13 filings. Nor did Tolbert accomplish anything but delay with this eighth case. Cause exists to grant the Chapter 13 trustee's motion for sanctions. I, therefore, impose the following sanction:

**Debtor Richard Charles Tolbert, or any entity controlled by debtor, is enjoined from filing any further bankruptcy cases for a period of three years without leave of this Court. In the Motion for Leave to File a Bankruptcy Case, which must be filed at least 15 days before relief from this injunction is to be entered, Tolbert, or any entity he controls, must state whether he, or any entity he controls, intends to file a reorganization, or a liquidation, case. In the event Tolbert, or any entity he controls, requests leave to file a reorganization case, he must submit a proposed complete set of schedules and statement of affairs, as well as a Proposed Plan and, if a Chapter 11 case, a Disclosure Statement. He must be prepared to demonstrate to the Court that there is a genuine basis for the proposed filing and a reasonable prospect for reorganization. In the event he proposes to file a liquidation case under any Chapter, the Motion should include a complete set of schedules and statement of affairs, as well as a statement consenting to the immediate appointment of a trustee, upon the filing of** the case, to liquidate his assets. Any Motion for Leave to File will be filed under this case number, since the motion seeks relief from the injunction imposed by the accompanying Order.

This sanction is in keeping with this Court's authority to impose a sanction that protects the integrity of the bankruptcy system.[3] In *In re McCoy*[4] the Court held that a debtor abused the bankruptcy process when he failed to prosecute seven of his eight Chapter 7 and Chapter 13 cases over a period of eight years.[5] The Court found such conduct egregious and barred the debtor from all future filings, permanently excluded certain debts from discharge, and imposed monetary sanctions.

In *In re Belden*[6] debtor filed nine bankruptcy cases, six of them Chapter 13's, over a fifteen year period of time. Debtor did, however, file schedules and a proposed plan in each of the Chapter 13 cases. In five of the six Chapter 13 cases the Court confirmed a plan, but, the Court dismissed each of the cases for failure to make plan payments.[7] In the sixth case, however, the Court refused to confirm the plan as proposed finding that, given the debtor's history, the plan was not proposed in good faith.[8] The Court also imposed as a sanction an injunction that barred debtor from filing another Chapter 13 case for a period of two years.

■ Access to the automatic stay is a privilege granted by the Bankruptcy Code.[9] But, Tolbert has abused that privilege, and his use of the automatic stay is inconsistent with the good purposes served by the privilege. I, therefore, restrict his access to that privilege for a period of three years.

---

3. *In re Belden,* 144 B.R. 1010 (Bankr.D.Minn. 1992) (citing section 11 U.S.C. § 349(a)).

4. 237 B.R. 419 (Bankr.S.D.Ohio 1999).

5. *Id.* at 420.

6. 144 B.R. 1010 (Bankr.D.Minn.1992).

7. *Id.*

8. *Id.* at 1020.

9. 11 U.S.C. § 362.

An Order in accordance with this Memorandum Opinion will be entered this date.