### In re Debbie Kay RUSHER, Debtor.

### No. 01–62816.

United States Bankruptcy Court,
W.D. Missouri,
Southern Division.

Sept. 30, 2002.

---

Richard Fink, Kansas City, MO, for Chapter 13 Trustee.

David E. Schroeder, David Schroeder Law Offices, PC, Springfield, MO, for debtor.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

The Chapter 13 trustee filed a motion to dismiss this Chapter 13 case with prejudice. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I will grant the trustee's motion, and I will enjoin debtor Debbie Kay Rusher from filing another bankruptcy case for a period of three years from the date of this Memorandum Opinion and its accompanying Order.

### FACTUAL BACKGROUND

This is debtor's third bankruptcy case. On October 27, 1999, she filed a Chapter 13 case, which was voluntarily dismissed on October 2, 2000. The Court never confirmed her Chapter 13 plan in that case, and at the time of dismissal, she had remitted three checks that were returned for non-sufficient funds (NSF), and was four months, or $2,657.00, delinquent in her plan payments. During the course of that first case, as a result of the NSF checks, the Chapter 13 trustee instructed debtor to make all payments by money order, certified funds, or employer wage order. Despite that instruction, debtor made one additional payment prior to the dismissal by personal check.

On October 4, 2000, two days after the prior dismissal, debtor filed a second Chapter 13 case. This Court confirmed her Chapter 13 plan on February 15, 2001. After submitting another check that was returned NSF, debtor was again told not to send plan payments by personal check. By May 11, 2001, debtor's delinquency was $9,240. Debtor proposed to cure the delinquency, and did make one payment as promised on May 17, 2001. Debtor then failed to make the second payment in a timely manner, and made two late pay-

ments by personal check. Debtor made no further payments after July 25, 2001, and the case was dismissed on October 22, 2001, with a delinquency of $13,520 and a total of four NSF checks.

On December 21, 2001, debtor filed this, her third Chapter 13 case. The Chapter 13 trustee again instructed debtor that she was to make no payments by personal check. On March 11, 2002, debtor made her first and only payment in the form of a personal check. On April 29, 2002, the trustee filed a motion to dismiss for debtor's default in plan payments. At that time the delinquency was $5,474.99. In response to this motion, debtor responded that she had been forced to make restitution for NSF checks, other than the ones she presented to the Chapter 13 trustee, to avoid prosecution. She stated that, as a result, she had paid $7,500.00 to unsecured creditors outside her Chapter 13 plan, but that she would resume her plan payments on May 28, 2002. She made no payments, however, and on June 28, 2002, at the time of the hearing on the motion to dismiss, the delinquency was $10,991.65. Debtor testified that she was now working three part-time jobs, and that she would execute three employer wage orders instructing her employers to remit her plan payments directly to Chapter 13 trustee. No payments have been received from either the debtor or her employers. On September 11, 2002, this Court scheduled a hearing on both the trustee's motion to dismiss for default in plan payments and on the trustee's motion to dismiss with prejudice to a refiling. Counsel for debtor requested a continuance of that hearing. The Chapter 13 trustee then withdrew the motion to dismiss for default and plan payments, and on September 26, 2002, this Court held a hearing on the Chapter 13 trustee's motion to dismiss with prejudice. At the time of

the hearing the delinquency was $16,508.31, and she has been unable to propose a confirmable plan.

Debtor testified at the hearing on September 26, 2002, that she believed her plan payments were being made by her employers. She said she had had some unexpected medical and dental bills, and that she was helping her father. She stated that in order to avoid a criminal conviction she had to repay the State of Missouri the sum of $3,700.00 for her misuse of unemployment compensation. She admitted that she did realize that her paychecks did not reflect withholding for the plan payments. She stated she could make one payment on the delinquency, but she did not propose making a complete plan payment.

## DISCUSSION

■ The chapter 13 trustee makes his motion pursuant to sections 1307(c)(1), 105(a), and 349(a) of the Bankruptcy Code. Section 1307(c)(1) authorizes the court to dismiss a case if the debtor causes unreasonable delay that is prejudicial to creditors:

> Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors.[1]

There is no question that Ms. Rusher's behavior in these three cases has been prejudicial to her creditors. She filed the first Chapter 13 petition on October 27,

---

1. 11 U.S.C. § 1307(c)(1).

1999, but no plan was ever confirmed, so her creditors received no payments. On October 4, 2000, two days after the dismissal of her first case, she filed a second case. She did confirm a plan in her second case, which proposed monthly payments in the amount of $2,860.00, but at the time this Court dismissed that case on October 22, 2001, the delinquency was $13,520. In other words, she had the protection of the automatic stay and the use of all her assets during that time, and made only 60 percent of her plan payments. Finally, she filed this case on December 21, 2001, and has not yet proposed a confirmable plan. The delinquency in this third case is $16,508.31. Her creditors have received no payments throughout the case, and again, Ms. Rusher has had the benefit of her assets and the automatic stay. I find that her actions have been prejudicial to her creditors, and that cause exists to dismiss this case. But the Chapter 13 trustee also asks this Court to enjoin future filings.

■ I look to sections 349(a), 109(g), and 105(a), for guidance. Section 349(a) provides that, with two exceptions, the dismissal of a case has no effect on dischargeable debts in the event a debtor files another case:

(A) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.[2]

One exception, found in section 109(g), enjoins a subsequent filing within 180 days of a voluntary dismissal, if a creditor filed a motion for relief from the automatic stay, or the court dismissed the case for the willful violation of a court order:

(g) Notwithstanding any other provision in this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.[3]

In this case, Ms. Rusher has not requested dismissal, therefore, the 180 day injunction found in section 109(g)(2) is not applicable. And the trustee does not allege that she has failed to appear, or disobeyed any other order of the Court, as provided in section 109(g)(1).

■ Another exception found in 349(a) is "for cause." The term "for cause" defies definition, however, courts have used this provision, in conjunction with section 105(a), to analyze "a multiplicity of factors" in order to determine that, not only should a case be dismissed, but it should be dismissed with prejudice.[4] As the Second Circuit explained in *In re Casse*, section 349(a) empowers bankruptcy courts to enjoin future filings if cause

2. 11 U.S.C. § 349(a).

3. 11 U.S.C. § 109(g).

4. *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 337–38 (2nd Cir.1999) *citing In re Martin–Trigona*, 35 B.R. 596, 601 (Bankr. S.D.N.Y.1983).

548

exists to do so.[5] In addition, section 105(a) permits a bankruptcy court to enter any Order necessary to carry out the provisions of the Code and to prevent an abuse of the bankruptcy process:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.[6]

Since serial filings can be an abuse of the bankruptcy process, and the abuse, as here, cannot always be prevented by the injunction found in section 109(g), the majority of courts have held that Section 105(a) and 349(a) can be used conjunctively to enjoin a serial filer from filing yet another bankruptcy petition for a period of time in excess of 180 days.[7]

In *In re Tolbert*,[8] either the debtor, or an entity controlled by the debtor, filed eight bankruptcy cases between 1997 and 2001.[9] Debtor filed each case to prevent the taxing authority from foreclosing on rental property. The Chapter 13 trustee moved to dismiss the eighth case, and for sanctions. I granted that motion and found that debtor had caused harm to the bankruptcy system itself. I, therefore, enjoined him from filing another case for a period of three years, in order to allow the taxing authority to exercise its rights under state law.[10]

In *In re Belden*,[11] after debtor filed three Chapter 7 bankruptcy cases and six Chapter 13 bankruptcy cases within 15 years, the court found that the last case was filed in bad faith, that the case should be dismissed, and that debtor would be enjoined from filing another case for two years.[12]

The facts in the case at hand indicate that debtor, likewise, has abused the bankruptcy process. Ms. Rusher has avoided paying any of her obligations since October 27, 1999, a period just short of three years. She has used the protections of the Code to retain all of her assets, without making plan payments or confirming a plan. She has submitted at least six NSF checks to the Chapter 13 trustee, and she has consistently ignored his request that she not make payments by personal check. Many of the debts scheduled in her bankruptcy petitions are for NSF checks. The debts where she is required to make restitution for NSF checks or to avoid a criminal conviction for defrauding the Missouri

---

5. *Casse,* 198 F.3d at 335–36.

6. 11 U.S.C. § 105(a).

7. *See Casse v. Key Bank Nat'l Ass'n (In re Casse),* 198 F.3d 327, 337–38 (2nd Cir.1999) *citing In re Weaver,* 222 B.R. 521, 523 and n. 1 (enjoining further bankruptcy filings for one year); *In re Robertson,* 206 B.R. 826, 830 (Bankr.E.D.Va.1996) (holding that the debtor should be enjoined from filing another case for 417 days, the actual time the debtor unreasonably delayed creditors with the serial filings); *Norwalk Sav. Society v. Peia (In re Peia),* 204 B.R. 310, 311, 315 (Bankr.D.Conn. 1996) (holding that any further bankruptcy filings will not interfere with creditor's eviction proceeding); *In re Robinson,* 198 B.R. 1017, 1022–23 (Bankr.N.D.Ga.1996) (holding that a bankruptcy court may enjoin a debtor from filing another case for the length of time necessary to prevent an abuse of process).

8. 258 B.R. 387 (Bankr.W.D.Mo.2001).

9. *Id.* at 388–89.

10. *Id.* at 390.

11. 144 B.R. 1010 (Bankr.D.Minn.1992).

12. *Id.* at 1022–23.

Department of Revenue are nondischargeable debts. She also scheduled two debts for student loans, which are presumed to be nondischargeable. She has amended her schedules to indicate that she has satisfied the debt to the State of Missouri and for the NSF checks. Thus, the only reason for these bankruptcy filings is to allow her to retain her home and car. On September 26, 2002, the court lifted the automatic stay as to her car. And there is pending a motion to lift the automatic stay as to her real estate. Over two months ago, on July 22, 2002, this Court entered an Order denying confirmation of her proposed plan. She has yet to file an amended plan. And there is currently a delinquency in excess of $16,508.31.

In *In re Robertson*,[13] the bankruptcy court granted a creditor's motion to dismiss with prejudice and enjoined the debtor from filing another bankruptcy case for 417 days. The court found that that was the exact amount of time that the debtor's three serial Chapter 13 filings had unreasonably delayed the Internal Revenue Service and other creditors in the collection of their debts.[14] I find, likewise, that Ms. Rusher has delayed her creditors in the collection of their debts by these three serial filings. I, therefore, enjoin her from filing another bankruptcy case for the same period of time that she has abused the system to prejudice her creditors. She filed the first Chapter 13 case on October 27, 1999. That means that, as of today, her creditors have been delayed for a total of 1068 days, in excess of two years and 11 months. She is, therefore, enjoined from filing another case for three years from the date of this Memorandum Opinion, or until September 30, 2005.

An Order in accordance with this Memorandum Opinion will be entered this date.

---

**13.** 206 B.R. 826 (Bankr.E.D.Va.1996).

**14.** *Id.* at 831.